# Ala. Great So. R. R. Co. . Smith.

*Action by Passenger against Railroad Company for Damages for Negligently causing Passenger to get off at Wrong Station.*

1. *Amendment of complaint; statute of limitations as to.*—The statute of limitations is available as a defense to amended complaint, when it introduces a new cause of action, although the statutory bar was not complete when the action was commenced.

2. *Same; variance.*—Where the original complaint avers, as the cause of action, that the plaintiff "was ejected from his seat in the defendant's cars, forcibly and without his consent, before he reached his destination," a recovery can not be had on proof that he left the cars voluntarily, at the wrong station, the porter having called out, by mistake, the name of the station which was his destination; and these facts being averred in a count added by amendment, the statute of limitations is a good defense to it.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JAMES AIKEN.

The appellee, Henry H. Smith, brought this suit against the appellant, the Ala. Great So. R. R. Co. The nature of the action and the material facts are stated in the opinion.

To the original complaint, the defendant pleaded in short by consent, the general issue and contributory negligence; to the complaint, after it had been amended as set forth in the opinion, the defendant refiled said pleas, and, also, filed the following plea to the added count : "The cause of action set forth in the amendment was never set forth in any complaint of plaintiff until set forth in said amendment, and was never until said amendment a *lis pendens* or embraced in any *lis pendens*, or claimed by plaintiff as a ground of recovery or cause of action against the defendant; and for answer to said amendment and amended complaint, the defendant says that the cause of action therein set forth is barred by the statute of limitation of one year, and was so barred at and before said amendment and amended complaint was filed." On each plea, the plaintiff took issue.

The defendant, also, demurred to the amended complaint on the grounds of *repugnancy*, and *misjoinder* of *causes of action*. The court overruled the demurrer and defendant excepted.

The evidence having disclosed a state of facts tending to sustain the count added as an amendment, and showing that

[Ala. Great So. R. R. Co. v. Smith.]

the grievance complained of occurred more than a year before the amendment was made, the defendant asked the court, in writing, to give the following charge, which the court refused and the defendant excepted : "1. If the jury believe all the evidence, they ought to find a verdict for the defendant." The rulings of the court excepted to are assigned as error.

RICE & DOBBS, for appellant.—Under the issues in the cause, appellee was barred by the statute of limitations of one year as to his getting off at Eureka, and there was no evidence of his expulsion.

W. J. HARALSON, contra.

CLOPTON, J.—The cause of action alleged in the original complaint is, that the plaintiff, having purchased a ticket for transportation from Chattanooga to Valley Head, a station on the railroad of defendant, and being a passenger on its train, "was forcibly ejected and thrown out and from his seat in the cars of said company without his consent before he reached his destination." On the trial, after the witnesses had been examined, and the court was charging the jury, the plaintiff, by leave of the court, amended the complaint by adding another count. The cause of action as averred in the additional count is, that when the train reached Eureka, also a station on the railroad, the porter called out Valley Head, and plaintiff was induced thereby to get off the train, believing he was at Valley Head. To the added count the defendant pleaded the statute of limitations of one year, and refiled to the amended complaint the same pleas previously filed to the original complaint.

A comparison of the two counts manifests, that the amendment does not merely vary the allegations of the complaint in respect to a matter already in issue, so as to meet the different phases in which it may be presented by the evidence. A cause of action, based on the forcible and wrongful ejection of a passenger from the cars is essentially different and distinct from a cause of action, based on his voluntarily leaving only induced by a negligent mistake of the porter as to the station at which the train had arrived. While a new cause of action may be introduced by amendment, the established limitation on the operation of its relation to the commencement of the suit is, that if the amendment introduces new matter or a different cause of action, not within the *lis pendens*, as to which the statute of limitations has operated a bar at the time of making the amend-

VOL. LXXXI.

ment, it is as available as if the amendment were a new and independent suit.—*Mohr v. Lemle,* 69 Ala. 180.

On the pleadings and evidence, the plaintiff was not entitled to recover on either count of the amended complaint. More than one year from the time of the grievance complained of had elapsed before the amendment was made. The statute of limitations operated a bar to a recovery on the cause of action thereby introduced. The evidence which showed that plaintiff voluntarily left the car, being misled by the announcement of the porter, was only admissible under the count added by amendment. There being an entire absence of evidence tending to show a forcible ejection, the plaintiff was not entitled to recover on the cause of action declared on in the original complaint.

The affirmative charge in favor of the defendant should have been given.

Reversed and remanded.