EMANUEL NUGENT v. ALLEN C. ADSIT, CIRCUIT JUDGE
OF KENT COUNTY.

[See 59 Mich. 593; 70 Id. 52; 77 Id. 500; 92 Id. 76.]

*Pleading—Amendment—New cause of action—Statute of limitations.*

An amendment to a declaration counting on the conversion of
"953 bushels of wheat, of the value of $1,040," which strikes
out that item, and inserts in its place, "31 acres of growing
wheat, of the value of $800," introduces a new cause of action,
and cannot be allowed at a time when such new cause of
action is barred by the statute of limitations.

*Mandamus.* Argued October 25, 1892. Granted November 18, 1892.

Relator applied for *mandamus* to compel respondent to
vacate an order allowing an amendment to a declaration.
The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for relator.

*J. H. Tatem,* for respondent.

PER CURIAM. The relator asks for a writ of *mandamus*
to compel the respondent to vacate an order allowing an
amendment to the declaration in a suit instituted by John
Bresnahan, as administrator of the estate of Daniel Nugent,
against the relator.[1]

The declaration, as originally framed, counted on an
alleged fraudulent transfer to the relator of certain personal
property by Daniel Nugent, which transfer plaintiff claims
he is entitled to attack in the right of creditors. A por-
tion of the property described in the declaration and
alleged to have been converted is an item of "953

---

[1] See 92 Mich. 76.

bushels of wheat, $1,040." After one trial of the case, and at a time when the statute of limitations would constitute a bar to a new action, the plaintiff was permitted to amend his declaration by striking out this item, and inserting in place thereof, "31 acres of growing wheat, $800."

It has been repeatedly held that the court has no power to permit an amendment which introduces a new cause of action after the same has become barred by the statute of limitations. *Gorman v. Circuit Judge,* 27 Mich. 138; *Michigan Central R. R. Co. v. Circuit Judge,* 35 Id. 227. Upon full consideration, we feel constrained to hold that the amendment allowed in this cause did permit the plaintiff to introduce a new cause of action, and that, therefore, the circuit judge exceeded his authority.

The *mandamus* will issue as prayed.