CITY OF DETROIT *v.* WAYNE CIRCUIT JUDGE.

1. DECLARATION—AMENDMENTS—NEW CAUSE OF ACTION—LIMITA-
   TIONS—ACTION AGAINST CITY—NOTICE.
   > In an action against a city for wrongful death, the declaration,
   > filed before limitations had run, was demurrable, in that it
   > failed to show that the demand had been presented to the
   > common council, as required by the city charter, or that
   > notice of the injury had been given the city law department
   > within three months from its occurrence, as required by the
   > charter. After the expiration of the period of limitation, an
   > amended declaration was filed, which was the same as the
   > original one, save that it showed a compliance with the char-
   > ter provisions. *Held*, that the amended declaration did not
   > introduce a new cause of action.

2. MANDAMUS—WHEN LIES.
   > *Mandamus* is not the proper remedy to review the action of
   > the circuit judge in permitting the filing of an amended
   > declaration after the period of limitations had expired, over
   > defendant's objection that the proposed amendment would
   > introduce a new and different cause of action.

*Mandamus* by the city of Detroit to compel George S.
Hosmer, circuit judge of Wayne county, to strike a
declaration from the files. Submitted January 8, 1901.
Writ denied January 29, 1901.

*John W. McGrath*, for relator.

*Thomas W. Thompson* (*Foster, Frazer & Aldrich*, of
counsel), for respondent.

LONG, J. On October 8, 1900, Frank Drexler, admin-
istrator of the estate of Frank J. Drexler, deceased,
commenced a suit against the city of Detroit by filing a
declaration, alleging that his intestate was killed October
10, 1899, while in the employ of the park board, by reason
of the negligent acts of said board, its servants, agents,

and employés.   On October 12, 1900, the city demurred to the declaration, setting up:

1.  That the declaration did not allege that the claim of the plaintiff had been presented to the common council for audit and allowance.

2.  That the declaration did not aver that notice in writing had been given, within three months from the time of such injury, to the law department, of the time, place, and cause of the injury.

On the 23d of October, 1900, plaintiff filed an amended declaration, which set up the matters omitted in the original declaration.   On November 13, 1900, the defendant moved the court to strike the amended declaration from the files, and on the 19th of that month the court denied the motion, on the ground that, although the amended declaration was filed after the statute of limitations had run the full period, it did not set up a new cause of action.   Application is now made to this court for *mandamus* to compel the court below to set aside that order, and to strike the amended declaration from the files.

The charter of the city provides:

"It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance; or, if on contract, that it was presented without said affidavit, and rejected for that reason; or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it."   Section 17, chap. 5, charter of Detroit.

Section 46, chap. 11, provides that:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof."

It will be noticed that the amended declaration sets up

the facts required to be set up by the city charter, and the only question for determination is whether, in a case commenced by declaration, which fails to set forth a cause of action, the plaintiff, after the statute of limitations has run, may be allowed to file a new or amended declaration, which does set forth a cause of action.

, The amended declaration in the present case was not filed until after the lapse of one year from the time when the injury was received. Circuit Court Rule No. 10 provides, by subdivision *a:*

"The plaintiff may, at any time before plea or demurrer, or within ten days after plea or demurrer, amend his declaration in matter of substance or form, of course, and without costs, unless the cause shall have previously been noticed for trial, in which case special leave of court shall first be obtained."

Subdivision *b* provides:

"The defendant may, within ten days after plea or demurrer, amend the same in matter of substance or form, of course, and without costs, unless the cause shall have been previously noticed for trial," etc.

The limitation upon this rule is that a new cause of action — that is, a different cause of action from that attempted to be set up in the original declaration — cannot be set up by an amendment after the statute of limitations has run against the cause of action.

In the case of *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 499 (63 N. W. 507), this question was discussed at some length. It was there said:

"It has been held in a number of cases that an amendment introducing a new cause of action cannot be permitted after the statute of limitations has run against the cause of action so sought to be set up. *People* v. *Newaygo Circuit Judge*, 27 Mich. 138; *Nugent* v. *Kent Circuit Judge*, 93 Mich. 462 (53 N. W. 620), and cases cited. But in the present case the amendment does not, in our judgment, introduce a new cause of action. The declaration as amended relates to precisely the same state of facts, and no new theory is evolved by the proposed amendments, which simply amplify the averments contained in the.

original declaration by statements in no way inconsistent with those originally set out.   It is a question of acknowledged difficulty to ascertain in just what cases an amendment may be said to set out a new cause of action; but we think the result of the authorities is well summarized in 1 Enc. Pl. & Prac. 564, as follows: 'As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action.   The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony.'"

Applying the rules laid down in that case, we are satisfied that the amended declaration does not set up a new cause of action.   It alleges a cause of action accruing to the plaintiff for the negligent killing of his intestate, October 10, 1899, by reason of the negligent acts of the park board, its servants, agents, and employés.   The city charter, at most, only compels the plaintiff in such actions to give notice to the law department, so that investigation may be had before suit brought, and to limit the time within which suit may be brought.   The suit was brought within the year required by the charter.   The amended declaration set up the additional facts that the claim had been presented to the common council for allowance, and that notice had been given to the law department within three months from the date of the injury.   These facts were consistent with the facts alleged in the original declaration, and did not introduce a new subject of controversy, but more fully set out the plaintiff's claim, so as to comply with the provisions of the charter.   We think the case falls within the rule laid down in *Pratt* v. *Montcalm Circuit Judge,* supra, and that the court below was not in error in holding that the amended declaration did not set up a new cause of action.   The writ of *mandamus* must be denied.

Another reason why the writ must be denied is that *mandamus* is not the proper remedy.

The other Justices concurred.