# Alabama Consolidated Coal & Iron Co. v. Heald.

## Damages for Death of Employe.

(Decided Feb. 5, 1908.   45 South. 686.)

1. *Pleading; Amended Pleading; New Cause of Action.*—Where, by the amended complaint, the same substantial facts are pleaded merely in a different form from the original complaint, so that a recovery on the amended complaint would operate as a bar to the original complaint, no new cause of action is set up by the amendment to the complaint.

2. *Same; Departure; Passing from Law to Law.*—Where the original complaint alleged that intestate's death was caused by defendant's failure to provide a reasonably safe place in which to work and was framed under the common law or under a different statute, an amended complaint alleging that death resulted from going into an unsafe place in obedience to orders to which the employe was under a duty to conform, was not a departure.

3. *Limitation of Action; Amendments Relating Back.*—In an action for death resulting from negligence where the orginal complaint was filed within the time, a proper amendment made thereto, although made after the statutory period of limitation, relates back to the original complaint and is not subject to the plea of the statute of limitation.

4. *Same.*—The fact that the original complaint was framed under the common law and the amended complaint was based upon a statute, if the amended complaint is not a departure from the original complaint in its statement of liability, does not prevent the amendment from relating back to the original complaint.

5. *Appeal; Review; Harmless Error; Action on Pleading.*—Where the statute of limitations do not apply as a defense to the action, it was harmless error to sustain a demurrer to the plea of the statute of limitations on the grounds of informality.

6. *Same; Admissions of Evidence; Instructions.*—If error was committed in the admission of evidence where there were several counts the error is not cured by a subsquent instruction that the jury should consider no evidence except that relating to count 3 as it allowed the jury to apply the evidence to the other count.

7. *Master and Servant; Injury to Servant; Negligence; Evidence of Condition After Injury.*—In an action for causing intestate's death by negligence while working in an unsafe place in defendant's mine, evidence that immediately after the injury the defendant placed certain water pipes in his mine, was improper.

8. *Same; Evidence; Admissibility.*—The fact that another person was found dead in defendant's mine near intestate was admissible in

evidence as tending to show that the latter came to his death by suffocation or other unnatural causes, in support of an action to recover for intestate's death caused by suffocation while working in defendant's mine.

9._Evidence; Opinion Evidence; Qualification of Witness.—Where a witness was not shown to be competent to give an opinion on such a subject, it was error to permit him to testify that intestate "looked as if he had smothered to death."

10. Trial; Instructions; Proximate Cause.—A charge asserting that if the injury resulted from the consequences of a certain act or omission, but only by means of an intervening cause, from which cause the injury followed as a direct consequence, the law will refer the damage to the last clause, was abstract under the facts in this case, and its refusal proper.

APPEAL from Etowah Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Pat H. Heald, administrator, against the Alabama Consolidated Coal & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Heald as administrator brought action for damages for the death of his intestate by suffocation, etc., in the iron mine of defendant. On the 24th day of May, 1905, the plaintiff filed his summons and complaint in the office of the circuit clerk of Etowah county. The complaint as originally filed contained one count, which alleges the employment of the plaintiff's intestate by the defendant and his death in defendant's mine, which is alleged to have been caused by the negligence of the defendant in failing to provide a reasonably safe and secure place for him to perform the duties of his employment. On the 7th day of May, 1906, the plaintiff amended his complaint by adding counts 2, 3, and 4. In count 2 the negligence is alleged to be the failure to maintain a reasonably safe and secure place for plaintiff's intestate to perform the duties of his employment, in that it negligently allowed its mine in which intestate was employed to contain a large and dangerous quantity of suffocating gas. Count 3 attributed the negligence to

James Dunn, a person in the service or employment of the defendant, to whose orders or directions the plaintiff's intestate did conform and was bound to conform, in ordering plaintiff's intestate to go down into the mine at a time when said mine contained a large and dangerous quantity of suffocating gas. Count 4 declares on a defect in the ways, works, machinery, or plant, etc. The plea of the statute of limitations was filed to the amended counts, and motion was made to strike counts 3 and 4 on the grounds of departure. The motion was denied, and demurrer was sustained to the plea. On the trial all the counts were withdrawn except count 3. The other facts are sufficiently stated in the opinion of the court. The following charge was refused to the defendant: "(2) If injury has resulted from the consequence of a certain act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damages to the last proximate cause, and refuse to trace it to that which is more remote." There was judgment for plaintiff is the sum of $2,800, and defendant appeals.

DORTCH, MARTIN & ALLEN, for appellant. The cause of action is not the death but the negligence resulting in the death.—*Harper v. Ill. C. R. R. Co.*, 74 Ill. App. 74; *Box v. C. R. I. & P. R. R. Co.*, 78 N. W. 649; *Box v. American Mtg. Co.*, 40 South. 739. The cause of action stated in the original count was the defendant's negligent failure to provide a reasonably safe and secure place to work and states a common law cause of action laying the wrong at the door of the defendant itself, and at common law, would not survive, except for section 27, Code 1896. Under this section, the liability is based upon the common law liability of the master.—*Northern*

[Alabama Consolidated Coal & Iron Co. v. Heald.]

*Ala. Ry. Co. v. Mansell,* 138 Ala. 548; *Dantzler v. De-Bardelaben Coal Co.,* 101 Ala. 309. By count 3, the original ground of liability is entirely abandoned and a new ground of liability was resorted to under the Employer's Liability Act, and all the pleadings anterior to count 3, ceased to be a part of the record.—*Norman v. Central Kentucky Asylum,* 80 S. W. 781. Another test often applied is will the same evidence support both petitions and the same measure of damages apply to both. —*Scovell v. Glasner,* 79 Mo. 449; *Holiday v. Jackson,* 21 Mo. App. 660; *Flint, etc., Ry. Co. v. Donovan,* 108 Mich. 80; *C. & A. R. R. Co. v. Scanlan,* 107 Ill., 106; *Hearst v. Detroit C. R. R. Co.,* 84 Mich. 539; 3rd L. R. A. (N. S.) p. 286; note. The amendment wrought a change in the ground of liability.—1 Ency. P. & P. 147 (Supp. and cases cited). Another test is, would the recovery upon the former or original bar a recovery under the amended petition. While there can be only one satisfaction for one injury, several judgments might be obtained.—*Gilbreath v. Jones,* 66 Ala. 132; 23 Cyc. 1165; *Gayer v. Parker,* 8 Am. St. Rep. 227; *March v. Pier,* 26 Am. Dec. 131; *Gatets v. Gorman,* 16 Am. Dec. 403; Freeman on Judgments, sec. 259; *Cannon v. Brame,* 45 Ala. 262; *Gordon v. The State,* 71 Ala. 315; *Crowder v. Red Mountain Mining Co.,* 127 Ala. 258; *W. U. Tel. Co. v. Thompson,* 138 Ala. 641; *Foster v. The State,* 39 Ala. 229. Having elected to pursue his common law remedy kept alive by section 27, and having pursued it until his remedy, under the Employer's Liability Act was barred by the statute of limitations, the introduction of a complaint under the Employer's Liability Act, after the running of the statutes was the introduction of a new cause of action, to which the statute was applicable.—*King v. Avery,* 37 Ala. 169; *Hendon v. White,* 52 Ala. 597; *Southern Ry. Co. v. Moore,* 128 Ala. 450;

[Alabama Consolidated Coal & Iron Co. v. Heald.]

*Jones v. McPhillips,* 82 Ala. 112; *Moore v. Lemle,* 69 Ala. 182; *A. & A. R. R. Co. v. Ledbetter,* 92 Ala. 326; *Steiner Bros. v. First Nat. Bank,* 115 Ala. 387; *Lansford v. Scott,* 51 Ala. 557; *Adams v. White,* 75 Ala. 463; *Evans .v. Richardson,* 76 Ala. 332; *Winston v. Mitchell,* 93 Ala. 561; *Turner v. White,* 97 Ala. 505; *Springfield Co. v. DeJarnette,* 111 Ala. 257; *Teal v. Chancellor,* 117 Ala. 617; *A. G. S. R. R. Co. v. Smith,* 81 Ala. 229; *Barker v. Anniston Ry. Co.,* 92 Ala. 314; *Nelson v. First Nat. Bank,* 139 Ala. 578; *Williams v. McKissack,* 125 Ala. 544; *Dusenberry's Case,* 94 Ala. 415; *Bailor's Case,* 101 Ala. 488; *Bromberg's Case,* 141 Ala. 258; *N. C. & St. L. v. Hill,* 40 South. 612; *Arnold's Case,* 80 Ala. 600. Counsel also cites many cases from other jurisdictions.

DENSON & DENSON, for appellees. The amendment alleging the cause of action under subdivision 3 of the Employer's Liability Act was properly allowed.—Sec. 3331, Code 1896. An amendment may be allowed which does not make an entire change of parties or an entirely new cause of action.—*Long v. Patterson,* 51 Ala. 414; *Dowling v. Blackman,* 70 Ala. 303; *Mahan v. Smitherman,* 71 Ala. 565; *Anniston, etc. Ry. Co. v. Ledbetter,* 92 Ala. 326; *Huggins v. Southern Ry. Co.,* 41 So. Rep. 861; *Montgomery Traction Co. v. Fitzpatrick,* 43 So. Rep. 136. The amendment did not introduce a new cause of action as it related to the same transaction as made in the original count.—*Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 199 and authortiies supra. The cause of action was the death of the intestate and his death due to the defendant's negligence.—*Central of Ga. Ry. Co. v. Mosely,* 112 Ga. 914; *Coleman v. Himmelberger-Harrison L. Co.,* 105 Mo. App. 254; *Connell v. Putnum,* 58 N. H. 335; *Zeigler v. Trenkman,* 31 N. Y. App. 305; 133 N. C. 95; 36 S. W. 1114; 99 S. W. 609; 92 Ala. 326;

[Alabama Consolidated Coal & Iron Co. v. Heald.]

32 Colo. 156; 81 N. E. 1.   The amendment related to the commencement of the suit so that the cause of action stated therein was not barred by the statute of limitations.—*Wise Terminal Co. v. McCormack,* 58 S. .E 585; *Ala. R. R. Co. v. Thomas,* 89 Ala. 294; *Ala. R. R. Co. v. Chapman,* 83 Ala. 452; *Eleyton L. Co. v. Mingea,* 89 Ala. 522; *Swift & Co. v. Foster,* 163 Ill. 50; *Swift & Co. v. Madden,* 45 N. E. 975; 98 Ill. App. 134; Id. 538; 200 Ill. 220; 118 Ind. 221; 162 Ind. 103; 40 N. W. 92; 34 S. W. 165; 40 S. W. 1060; 47 S. W. 54; 51 Pac. 402; 180 Ill. 391; *L. & N. R. R. Co. v. Woods,* 105 Ala. 561; s. c. 115 Ala. 529; 12 Ala. 224; Ib. 547; 139 Ala. 593.

ANDERSON, J.—The plea of the statute of limitations (No. 12) to counts 3 and 4 of the amended complaint, being in legal form, was not subject to the demurrer interposed, and the trial court erred in sustaining the same.   If, however, the undisputed evidence fixed the injury or death within one year of the commencement of the suit, then the plea could have been properly charged out, and the action of the trial court in sustaining the demurrer would be error without injury.   The undisputed evidence shows that the intestate's death was within a year of the commencement of the suit, but was more than a year before the addition of the amended counts to which the plea was filed.   The result is that, if said amended counts related back to the original complaint, then the action of the court in sustaining the demurrer was error without injury.   On the other hand, if the amendment did not relate back, the defendant was injured by the action of the trial court in sustaining the demurrer to the plea of the statute of limitations.   This brings us to the consideration of a question as to which there is some conflict in authorities, as well as considerable confusion among the profession.   The first count

sued for the negligent causing of the death of the intestate by the defendant, whether under the statute or the common law; and the third count, being the one under which the cause was tried, was for the negligent death of the intestate, charging that it resulted from obeying orders, and that it was the duty of the intestate to conform to said orders, as provided by subdivision 3 of section 1749 of the Code of 1896. It will be observed that the wrong complained of is identical, the wrongful death of the intestate, whether the recourse sought is under the common law or statute, or both, and a judgment on either count would be a complete bar to a recovery in the second suit.

A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other.—*Terre Haute R. R. v. Zehner,* 166 Ind. 149, 76 N. E. 169, 3 L. R. A. (N. S.) 277, and extensive note. "'As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony." 1 Ency. Pl. & Pr. 564 (quoted from body of text at top of page, citing many authorities in support of same), cited approvingly in the following cases, where the question of statute of limitations was before the court: *Pratt v. Montcalm Circuit Judge,* 105 Mich. 499, 63 N. W. 507; *City of Detroit v. Hosmer,* 125 Mich. 634, 85 N. W. 2; *Pickett v. Southern Ry. Co.,* 74 S. C. 236, 54

S. E. 377. "Where an amendment does not set up a new cause of action, or bring in any new parties, the running of the statute of limitations is arrested at the date of filing the original pleading."—1 Ency. Pl. & Pr. 621. "We have already had occasion to hold that merely amending the pleading with respect to the allegations of negligence does not introduce a new or different cause of action. The purpose of the original petition was to recover of defendant damages sustained by plaintiffs from the death of Perry in the particular accident through the negligence of the defendant, alleging the negligence to be in a particular respect. It would be immaterial in any case what form the negligence took, so long as it was negligence of defendant causing the injury complained of. Hence it cannot be said that any particular form of negligence is an essential element of the cause of action, nor that a change of allegations as to negligence really affects the cause of action."—*G., H. & S. A. Ry. Co. v. Perry,* (Tex. Civ. App. 85 S. W. 66. "The statement of additional grounds of negligence is not a statement of a new cause of action, and the statute of limitations cannot be invoked as a bar to the additional ground of recovery thus pleaded."—*Smith v. Mo. Pac. Ry. Co.,* 56 Fed. 458, 5 C. C. A. 559, citing *Land Co. v. Mingea,* 89 Ala. 521, 7 South. 666.

"In the original petition certain acts of negligence are specified. In the amendment certain other specifications of negligence are pleaded. But the cause of action is the same. * * * We are very clearly of opinion that the statement of additional grounds of negligence is not a new cause of action. There is no departure from the original petition in the time, place, or circumstances of the casualty which caused the death of the intestate."—*Kuhns v. Wis. I. & N. Ry. Co.,* 76 Iowa, 67, 40 N. W. 93. "The cause of action was the homicide of the plain-

tiff's husband by the negligence of the defendant. In setting out that negligence, it was described in one way in the original declaration, in another by the first amendment, and in another by the second amendment. But it was all the same cause of action. It might be tested thus: Suppose it were lawful to amend indictments for murder, and you had an indictment for the murder of A., alleging that it was by shooting, and the proof disclosed that it was by stabbing; could an amendment alleging that it was by stabbing be thought to charge another and different crime? The crime in the supposed case would correspond to the cause of action in this. Would it be charging the defendant with another crime to add another count, or to allege in the same count that the death was the result of stabbing or other means than shotting—the means first charged? We think not. There can be but one cause of action for the homicide of any one man, and all these variations went to the means and mode by which the homicide was perpetrated; and the present case is a good illustration of the propriety of at least a discretionary power of allowing such amendments; because, as the plaintiff understood her case and proved it, the homicide was the result of an occurrence at the crossing, separated altogether from the cars and the condition of the cars. But the defendant introduced evidence, of which probably the plaintiff had no knowledge or information before, tending to show that the killing occurred in consequence of the husband being upon the train and attempting to get off, and exposing himself, or becoming exposed, while in the act of alighting. It would be a great hardship to make this action fail because of the difference, and the doubt as to how the death really came to pass, provided that it was the result of defendant's negligence. It was a proper case for amendment, and it would have been an

abuse of the law of amendment, had this amendmnet
been disallowed. The cause of action alleged being the
homicide of plaintiff's husband by means of the defend-
ant's negligence, the allegations in the declaration touch-
ing the specific acts of negligence and the manner of
causing death may be varied or added to by amendment
during the progress of the trial, so as to adapt the plead-
ings to the evidence in all its aspects.  *  *  *  The
amendment did not introduce a new cause of action, and
it was not offered too late."—*Harris v. Central R. R.
Co.*, 78 Ga. 525, 3 S. E. 355.

"An amendment cannot be allowed that introduces a
new cause of action; but, as long as the plaintiff adheres
to the contract or the injury originally declared upon,
an allegations of the modes in which the defendant has
broken the contract or caused the injury is not an intro-
duction of a new cause of action. The test is whether
the proposed amendment is a different matter, another
subject of controversy, or the same matter more fully or
differently laid to meet the possible scope and varying
phases of the testimony.  *  *  *  If you can amend by
declaring for another injury occasioned by the same
wrongful act, why can you not amend by declaring for
the same injury as occasioned by another wrongful act?
And this you certainly do when you amend by assigning
a new breach of the same covenant; but you are seeking
the same thing all the time, namely, damages for the
breach of that covenant."—*Daley v. Gates*, 65 Vt. 592-
594, 27 Atl. 193. "The original declaration filed June
24, 1892, went only upon the charge that an unblocked
frog was a danger to which a switchman ought not to be
exposed; but on the trial that ground of action was
abandoned, as the appellee knew the construction. March
3, 1894, an additional count was filed, and April 20, 1894,
another, both of which alleged that the appellant wrong-

fully permitted a pile of cinders and like material to be and remain near to the frog, the appellee being unaware of the pile, and that he stumbled upon it, and his foot was thereby thrown into the frog. To these counts the appellant pleaded that the cause of action did not accrue within two years next before they were filed (the accident having occurred May 5, 1891), to which plea a demurrer was sustained, and rightfully, for they were but another way of telling the original story."—*I. C. R. R. Co. v. Campbell*, 58 Ill. App. 277, 278. "The original declaration was filed May 16, 1893, and June 7, 1896, additional counts were filed, to which the appellant pleaded the statute of limitations. To these pleas the court rightly sustained demurrers. All of the counts were for the same injury, only varying the story as to the manner of the negligence of the appellant."—*L. S. & M. S. Ry. Co. v. Ryan*, 70 Ill. App. 47.

"The most serious question raised upon this record is as to the action of the court in sustaining a demurrer to the plea of the statute of limitations to the additional count of the declaration. But after a careful comparison of the two counts, and in the light of the recent decisions, we are inclined to the view that the one is but a restatement of the cause of action set up by the other. The gist of the negligence charged in the original count is the furnishing of a defective appliance, viz., the door, for appellee, its employe, to use; and the gist of the negligence charged in the additional count is the ordering of appellee, its employe, to use a defective appliance, viz., the door in question."—*Griffin Wheel Co. v. Marks*, 79 Ill. App. 87; *Griffin Wheel Co. v. Marks*, 180 Ill. 391, 54 N. E. 207 (Supreme Court of Illinois, affirming the Appellate Court). "Probably the explanation or reconciliation of the cases on the subject is this: That, while a distinctly new cause of action may not be inserted by

way of amendment, new facts or issues relating to the cause of action attempted to be stated may be allowed as amendment."—*Pickett v. Southern Ry. Co.*, 74 S. C. 236, 54 S. E. 377. "The action itself, to recover damages for that negligence and its results, was the principal thing, whatever may have been the details incident thereto, and was commenced within one year, and was not barred by the statute of limitations by reason of the supplying by amendment of any omission, or by correcting any error of the petitioner's claim that her intestate was injured by the receiver's negligence, whether the detail of its happening were one way or another. For the injuries complained of the suit was, without any objection to its form, instituted before the master in the way already mentioned, and, although the means and manner of the infliction of these injuries were variously stated, the appellee, as we have seen, always relied upon the original claim that her intestate was injured by the negligence of the receiver. It does not appear, therefore, that this assignment of error is well taken. The action was brought within the year allowed by the Kentucky statute. It has been prosecuted continuously from that time until now, and the generic cause of action has always been the same."—*C., N. O. & T. P. R. Co. v. Gray*, 101 Fed. 623, 41 C. C. A. 535, 50 L. R. A. 50, 51.

"The original complaint averred plaintiff's intestate's death was caused by the negligence of fellow servants, thus failing to aver a cause of action. After the running of the statute of limitations a count was added by amendment, averring negligence of the master in selecting incompetent fellow servants, and the court held the overruling of plaintiff's demurrer to the plea of statute of limitations was error, saying: "The statement of the cause of action was different, but the cause of action itself was identical. Injury resulting in death is what oc-

casioned the suit. The imperfect statement of the case did not cause the correct statement of it to be a different cause of action. Being the same cause of action, the accurate statement of it in the amended declaration did not convert the original suit into a new and different suit, and therefore did not warrant the filing of any other plea of the statute of limitations than such as could have been interposed to the original narr.' "— *State v. Chesapeake Beach Ry. Co.*, 98 Md. 35, 56 Atl. 387, 388. Upon the same state of pleadings the Supreme Court of Texas said: 'We are of the opinion that the ruling of the district court was correct, and that the amendment did not present a new or different cause of action from the one imperfectly alleged in the original petition. The cause of action in this case is the injury inflicted upon the plaintiff by the defendant. If no injury had resulted to the plaintiff from the collision, no cause of action would have accrued, and no petition could be framed that would show a right in the plaintiff to recover from anybody. If, however, injury results to a person from the negligent act of another, the right of action is complete, although the pleader may fail to set up the reasons why it is complete, or may set up the wrong reason, or may plead a state of facts that shows no right to recover from the defendant sued; and yet, in either case, the fact of liability does exist, and the suit claiming damages for the injury is well brought, and is sufficient to apprise the defendant of the plaintiff's claim against him, although the case, as stated, may be subject to a general demurrer, as showing no complete cause of action."—*Texas & P. Ry. Co. v. Johnson* (Tex. Civ. App.), 34 S. W. 187.

"The injury was alleged to have been caused by the falling of a derrick, and that the derrick was caused to fall by the breaking of an eyebolt, which was alleged to

have been defective. The amended petition charged substantially the same facts, but extended the grounds of negligence to other defects in the appliances used and to the carelessness of the foreman in the use of such appliances. The subject-matter of the two pleadings was the same, and the enlargement of the allegations as to negligence did not change the cause of action."—*Caswell v. Hopson* (Tex. Civ. App.), 47 S. W. 54. "It is but justice that, when the plaintiff has sustained injury, if the complaint is imperfectly stated, he should be permitted by amendment to cure the inadvertence of counsel in drawing the complaint, and receive any remedy which, upon the facts of the transaction, he is entitled to receive."—*Lassiter v. Norfolk & C. R. Co.,* 136 N. C. 89, 48 S. E. 644. "The very object of an amendment is to supply the omission of the original pleadings, and it never has been supposed that the statute of limitations would present any impediment to its being done at any time during the progress of the cause."—*I. & G. R. R. Co. v. Dalwigh* (Tex. Civ. App.), 56 S. W. 137. "The company assumes that a new cause of action is stated in the amended pleading, and it is contended that as to such new cause of action it must be deemed to have been commenced when the amendment was made, and not when the action itself was commenced, and therefore that it was barred. This contention cannot be successfully maintained. No new cause of action was set forth in the amended petition. The cause of action set forth in each of the pleadings was the negligent killing of Andrew C. Moffatt."—*Mo. Pac. Rq. Co. v. Moffatt,* 60 Kan. 113, 55 Pac. 838, 72 Am. St. Rep. 343.

We think that the amendment in the case at bar was within the lis pendens, according to the overwhelming weight of authority in other states, and that our own court is committed to the same holding.—*L. & N. R. R.*

*Co. v. Woods,* 105 Ala. 568, 18 South. 41, reaffirmed in 115 Ala. 529, 22 South. 33; *Williams v. McKissack,* 125 Ala. 547, 27 South. 922, citing approvingly the *Woods Case, supra.* We do not consider that what was held in the case of *Nelson v. First Nat. Bank,* 139 Ala. 593, 36 South. 707, 101 Am. St. Rep. 52, is in conflict with this opinion, as the only point decided was that, the first count being for money had and received, the second, being for goods sold, set up a new cause of action, which would not relate back, so as to intercept the statute of limitations. Therefore, if anything is said in that opinion in conflict with one holding in the case at bar, it is dictum. The case of *Union Pac. R. R. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, while finding some support among the earlier text-writers and a few of the state courts, is in direct conflict with the overwhelming weight of authority, including our own court. We recognize the decisions of the Supreme Court of the United States as binding on us as to all federal questions; but, while we regard its decisions with great respect upon other questions, we do not feel compelled to follow in its wake in this instance. The *Union Pac. R. R. Case, supra,* is based upon antiquated principles and a misconception of authorities cited, as well as some which were in effect overruled by the court rendering them. For instance, the cases of *Mohr v. Lemle,* 69 Ala. 180, and *A. G. S. R. R. v. Smith,* 81 Ala. 229, 1 South. 723, seem to be relied upon as authorities in support of the opinion, when as a matter of fact they do not. The *Mohr Case, supra,* was differentiated from the holding in the *Woods Case,* 105 Ala. 568, 17 South. 41, while the *Smith Case, supra,* does not support the opinion, and is not in conflict with the present case. The first count in the *Smith Case* was trespass for the forcible ejection of the plaintiff from the train, and the amendment was based

on the plaintiff voluntarily leaving the train, induced by a negligent mistake of the porter as to the station at which the train had arrived, and is not unlike the *Freeman Case, Infra,* 45 South. 898. Again, the opinion in the *Union Pac. Case* quotes at length from the case of *Bolton v. Ga. Pac. R. R.,* 83 Ga. 659, 10 S. E. 352, and said case was subsequently in effect repudiated by the Georgia court in the case of *Ellison v. Ga. R. R. Co.,* 87 Ga. 691, 13 S. E. 810. And see *L. & N. R. R. Co. v. Pointer's Adm'r,* 113 Ky. 952, 69 S. W. 1110.

The first count of the complaint was attempted under section 27 of the Code of 1896, and the amendment was brought under section 1749. But, conceding that the first was under the common law and the other under the statute, and that there was a change from "law to law," this would not prevent the amendment from relating back.—*Pointer's Case, supra; Lassiter v. Norfolk R.. R.,* 136 N. C. 89, 48 S. E. 643; *Miller v. Erie R. R.,* 109 App. Div. 612, 96 N. Y. Supp. 245. The trial court did not err in overruling the motion to strike the amendment, and the error of sustaining the demurrer to the plea of the statute of limitations as to the third count was error without injury.

The trial court erred in permitting the plaintiff to prove that immediately after the death of the intestate the defendant placed in the mine certain water pipes.— *Going v. Ala. Steel & Wire Co.,* 141 Ala. 537, 37 South. 784; 1 Wigmore on Evidence, § 283. It is insisted that this evidence was subsequently excluded by the court. It is true the court instructed the jury to consider no evidence except what related to count 3. This evidence may not have related to count 3; but we do not think such an order eradicated it from the minds of the jury. It virtually left it to them to pass upon the applicaiton of the evidence to the different counts.

[Alabama Consolidated Coal & Iron Co. v. Heald.]

There was no error in permitting plaintiff to prove that another miner was found dead at or near the intestate. This was a fact tending to show that the intestate came to his death from suffocation or from some other unnatural cause.

The trial court erred in not excluding the evidence of witness Hawkins; "He looked as if he had smothered to death." This was but the opinion of the witness, who was not shown to be competent to give an opinion on the subject.

The trial court did not err in refusing charge 2, requested by the defendant. Whether it asserts the law or not, it was abstract.

All the Justices concur in the reversal, but DOWDELL, SIMPSON, and McCLELLAN, JJ., dissent as to the amendment, and do not think the amended counts relate back so as to cut off the statute of limitations.

Reversed and remanded.

DOWDELL, J. (dissenting).—I cannot agree to the conclusion reached in this case by the majority of the Justices on the question of the statute of limitations, pleaded as a defense to the amended counts of the complaint, and I therefore dissent from their decision, and am constrained, because of the importance of the question, to express my views of the law on the subject, thereby giving my reasons for such dissent. The cause of action as stated in the original complaint is the death of the plaintiff's intestate, resulting as a proximate consequence from the negligent failure of the defendant to furnish the deceased a reasonably safe place to work, in the performance of his duties as a servant and employe. In the third count, which was introduced by way of amendment, and to which the defense of the statute of

limitations was pleaded, the cause of action as stated is the death of the plaintiff's intestate, caused by the negligence of a person in the superintendence and control of defendant's business, in the giving of orders to which said intestate was bound to conform and did conform, and in doing so was killed. In the original complaint the liability is based on the common-law duty of the master to the servant to furnish the latter a reasonably safe place in which to work in the discharge of his duties under the employment. In the count introduced by amendment the liability is statutory, and is predicated on subdivision 3 of the employer's liability statute (section 1749 of the Code of 1896). The question presented for consideration is not whether the amendment was permissible; but, conceding that it was, the question is: Did it relate back to the filing of the original complaint, so as to cut off the defense of the statute of limitations?

In the opinion of my Brother ANDERSON speaking for the majority of the court, after citing a number of cases of other jurisdictions, and from which extracts are quoted, it is said: "We think that the amendment in the case at bar was within the lis pendens, according to the overwhelming weight of authority in other states, and that our own court is committed to the same holding" —citing *L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41; *Williams v. McKissack,* 125 Ala. 547, 27 South. 922. "We do not consider that what was held in the case of *Nelson v. First Nat. Bank,* 139 Ala. 593, 36 South. 707, 101 Am. St. Rep. 52, is in conflict with this opinion, as the only point decided was that, the first count being for money had and received, the second count, being for goods sold, set up a new cause of action, which would not relate back, so as to intercept the statute of limitations. Therefore, if anything is said in that opinion in conflict with our holding in the cause at bar,

[Alabama Consolidated Coal & Iron Co. v. Heald.]

it is dictum.   *   *   *   The first count of the complaint [in the case at bar] was attempted under section 27 of the Code of 1896, and the amendment was brought under section 1749. But, conceding that the first was under the common law and the other under the statute, and that there was a change from 'law to law,' this would not prevent the amendment from relating back"—citing *Lassiter v. Norfolk R. R.*, 136 N. C. 89, 48 S. E. 643; *L. & N. R. R. Co. v. Pointer's Adm'r,* 113 Ky. 952, 69 S. W. 1110; *Miller v. Erie R. R. Co.,* 109 Rpp. Div. 612, 96 N. Y. Supp. 245.

It may not be amiss in this connection, for the purpose of showing that the decision in the *Nelson Case* was not the result of any hasty, but of a very thorough and deliberate, consideration by the court, to state something of its history in this court. When the case was first submitted, elaborate arguments by counsel, both oral and in writing, were had. A conclusion was reached and announced, and thereupon an application was made for a rehearing, on which additional briefs were filed, and upon consideration the application was granted, and the decision theretofore rendered set aside. A second application for rehearing was then filed by the opposite party, and the court of its own motion had the cause restored to the trial docket and set down for further oral argument by counsel, and then it was, after mature deliberation, the case was decided as reported in 139 Ala. 593, 36 South. 707, 101 Am. St. Rep. 58, all of the Justices then composing the court concurring. It may also be said in this connection that no new or novel doctrine is announced in that case. The principles declared were but a reaffirmance of what had already been decided in a number of cases by this court, as may be clearly shown by a review of the cases.

In *King v. Avery,* 37 Ala. 169, this court, speaking through Stone, J., states the rule as follows : "We think the rule must be regarded as settled by the authorities that 'if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute until the time that the new claim is presented, because until that time there was no *lis pendens* as to that matter between the parties.' On the contrary, if the amnedment set up no new *matter* or *claim,* but simply varied the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill." In *Lansford v. Scott,* 51 Ala. 557, the case of *King v. Avery* is cited and followed, quoting the extract given above from that case, and it was there ruled that, where the original complaint was on a promissory note, an amendment by adding the common count on an account for which the note was given did not relate back to the commencement of the suit, and the statute of limitations ran to the filing of the amendment. In *Hendon v. White,* 52 Ala. 97, this court, speaking through Brickell, C. J., on page 606, said : "The general rule is that amendments of pleadings have relation to the commencement of suit, without regard to the time or the stage of the cause when introduced. This fiction is not permitted to operate so as to deprive the party against whom the amendment is made of any substantive right. An amendment of a complaint or declaration, introducing a new claim or new matter as to which the statute of limitations has perfected a bar, cannot by relation be referred to the commencement of suit, to avoid the bar"—citing *King v. Avery, supra.* In *Mohr v. Lemle,* 69 Ala. 180, this court, again speaking through Brickell, C. J., on page 183 said : "The latitude of amendment allowed the

[Alabama Consolidated Coal & Iron Co. v. Heald.]

plaintiff cannot be permitted to work injustice to the defendant, or to deprive him of any just and rightful defense. The plaintiff may introduce a new cause of action by amendment; but such amendment cannot have relation to the commencement of the *suit,* so as to avoid the bar of the statute of limitations, *if the statute would operate a bar to a new suit commenced for that cause at the time of making the amendment.* The whole doctrine of relation rests in a fiction of law, adopted to subserve and not to defeat right and justice. When the amendment introduces *a new* right or new matter, not within the *lis pendens* and the issue between the parties, *if at the time of its introduction as to such new right or matter the statute of limitations has operated a bar, the defendant may insist upon the benefit of the statute, and to him it is as available as if the amendment were a new and independent suit"*—citing *King v. Avery, supra,* and *Lansford v. Scott, supra.* The italicizing above is mine, and is made for reasons that will appear later in what I shall have to say on the question under consideration.

In the case of *Adams v. Phillips,* 75 Ala. 461, this court, again speaking through Brickell, C. J., on page 463, said: "But if, in the exercise of the right of amendment, new matters or claims are asserted not within the lis pendens, if the amendment is not merely and strictly remedial, curing a defective or imperfect statement of the cause of action in the original bill, or merely modifying or varying its allegations, the matter or claim introduced by the amendment will not be referred to the filing of the original bill, to the prejudice or injury of the parties against whom the amendment is made"—citing *King v. Avery, supra,* and quoting from that case the extract hereinabove quoted. Again, in the case of *Evans v. Richardson,* 76 Ala. 329, this court, speaking through

· Clopton,. J., on page 332, said: "The limitation upon this doctrine of relation to the commencement of the suit is that the amendment will not be permitted to deprive the defendant of any rightful and legal defense. When any *new matter* or *claim* (italics ours), not within the *lis pendens* and the issue between the parties, is introduced by amendment during the progress of the suit, and the statute of limitations operates a bar to such new matter or claim at the time of its introduction, the defendant may insist upon the benefit of the statute *as if the amendment were a new and original suit*"—citing *King v. Avery, supra,* and *Mohr v. Lemle, supra.* To the same effect is the case of *Winston v. Mitchell,* 93 Ala. 554, 9 South. 551, in an opinion by the same justice. Again, in the case of *Turner v. White,* 97 Ala. 545, 12 South. 601, this court, speaking through Justice Haralson, on page 550 of 97 Ala., page 603 of 12 South., said: "It is a principle often repeated: 'If, during the pendency of a suit, *any new matter or claim not before asserted* is set up and relied upon by the complainant, the defendant has the right to insist upon the benefit of the statute until the time that the new claim is presented, because until that time there was no *lis pendens* to to that matter between the parties' "—citing *King v. Avery, supra,* and *Anniston & A. R. R. Co. v. Ledbetter,* 92 Ala. 326, 9 South. 73. To the same effect are the following cases: *Jones v. McPhillips,* 82 Ala. 112, 2 South. 468; *Springfield, etc., Co. v. DeJarnett,* 111 Ala. 248, 19 South. 995; *Steiner Bros. v. National Bank of Birmingham,* 115 Ala. 379, 22 South. 30; *Teal v. Chancellor,* 117 Ala. 612, 23 South. 651; *Freeman v. Railroad Co., Infra,* 45 South. 898.

As opposed to the foregoing cases, the case of *L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41, is cited in the opinion of my Brother ANDERSON, and relied

upon as an authority in support of the decision by the majority in the case at bar. It is said in the opinion that the *Woods Case* was cited approvingly in the case of *Williams v. McKissack,* 125 Ala. 547, 27 South. 922, and we may here add the case of *King v. Avery,* 37 Ala. 169, also, was cited approvingly in that case. The *Woods Case,* 105 Ala. 561, 17 South. 41, seems to be a much misunderstood case. When properly understood, it is not opposed to the leading case of *King v. Avery, supra,* and other cases following that one. In the *Woods Case* the complaint as originally filed contained but one count. It averred that the injury arose "on account of the negligence of the agents, servants, or employes, who were fellow servants," without the necessary averments under the statute of superintendence and control, etc. Evidently it was intended by the pleader, and was an effort, though an abortive one, to bring the action under the employer's liability statute (section 1749 of the Code of 1896). The cause of action was the negligent injury of the plaintiff. To fix the liability for the negligent injury on the master under the statute, where the injury was the result of the negligence of a fellow servant, certain averments were necessary, as that of "charge or control" by the negligent servant of the agency through which the injury was inflicted. The complaint contained a defective statement of a good cause of action, as contradistinguished from a statement of a defective cause of action; a distinction well taken in the case of *Lassiter v. Norfolk & C. R. R. Co.,* 136 N. C. 89, 48 S. E. 643 (same case reported 1 Am. & Eng. An. Cases, 456), and which case is cited in the opinion of my Brother ANDERSON. In the first instance the defect may be cured and the complaint perfected by amendment, while in the latter it may not be; and this perfecting of the complaint by the addition of the necessary averment could be done without varying

the cause of action as originally stated or introducing
any new claim. The *Case of Lassiter, supra,* on the ques-
tion of amendment, is simliar in principle to the *Woods
Case.* In the *Woods Case* the amendment did not vary
or change the cause of action as originally stated, name-
ly, the negligent injury of the plaintiff by the defend-
ant's servant, but relied upon the same facts as to the
cause of action, only designating the servant—the en-
gineer in charge of the locomotive—by whose negligence
the injury was inflicted. It was merely and strictly rem-
edial, curing a defective statement of the cause of action
declared on in the original complaint.—*Adams v. Phil-
lips, supra.* In the case of *Williams v. McKissack,* 125
Ala. 547, 27 South. 922, cited by the majority, the aver-
ment consisted in the change of the date as to the time
of the alleged wrong, no new claim was introduced, and
the cause of action as originally stated continuing the
same as to the conversion of the animals. This case cer-
tainly furnishes no support for the conclusion reached
by the majority in the case at bar.

It would seem, from adjudged cases of our own which
I have cited above, that there is no room for judicial mis-
interpretation of what is intended and meant by the em-
ployment of the expression "new cause of action" where
the statute of limitations is pleaded to the amendment.
I think my Brothers fall into error in failing to distin-
guish, or rather to separate, the law of amendments
from the doctrine of relation of amendment. The law
of amendments is statutory, the creation of the law-mak-
ing power. The doctrine of relation of amendments is
a mere fiction of law—as often expressed, "relatio est
fictio juris"—invented by the courts to promote right,
but not to prevent it, in the administration of the law.
Our statute of amendments is broad and liberal, and
such has been the construction put upon it by this court;

the only limitations placed upon the right of amendment being that by it there shall not be wrought a different cause of action or entire change of parties. On the other hand, the statute of limitations of actions is as imperative as the statute of amendments is liberal. The right to invoke the benefit of the former as a defense should never be circumvented by a fiction in pleading, and cannot be without overruling the express mandate of the Legislature. There should be no difficulty in the application to amendments of the doctrine of relation under the decisions of this court from the case of *King v. Avery*, down to the case of *Freeman v. Cent. of Ga. Ry., Infra*, 45 South. 898 inclusive, when the cases are carefully analyzed. It may be that in some of our cases there is a lack of accuracy by the writer in judicial expression when speaking of amendments, in the employment of the term "new cause of action" as being synonymous with the term "entirely new cause of action," or "a different and independent cause of action," that is possibly calculated to produce some confusion. But this seeming confusion is dispelled upon a careful examination of the cases. There can be no doubt of the proposition that under the well-established rule of law a new cause of action, or, if we choose to so term it, an entirely new cause of action—that is to say, one that is different and independent, not relating to the same general transaction as stated in the original complaint, although it might have been joined in a separate count in the first instance—cannot be introduced into the complaint, if objected to. This is definitely settled in the case of *Mahan v. Smitherman*, 71 Ala. 563, as well as in other cases; but it is entirely unnecessary to cite authorities on so plain a proposition of law. On the other hand, it is equally well settled that a new cause of action may be introduced into the complaint by amendment, when it re-

lates to the same transaction declared on in the original complaint. This is stated in *Mohr v. Lemle, supra,* as well as in other cases, and is recognized in all of the cases cited above. Such is the law as to the right of amendment, without reference to the statute of limitations as a defense or to the doctrine of relation back of the amendment.

When the statute of limitations is set up as a defense to the new cause of action, or new claim of matter, introduced by the amendment, then is the question presented, not as to the abstract right of amendment, but as to its limitation as affecting the rights of the party to claim the benefit of the statute of limitations against the new claim of matter introduced. In speaking on the question of relation of amendments, what is meant by a new cause of action, new claim or matter, not before within the lis pendens, seems to me to be misunderstood by the majority, and they have been led into error in their decision in this case through a misconception of the rule. That a new cause of action, in this connection, does not mean an independent and different cause of action, not relating to the same transaction, the foundation of the suit in the original complaint, is too plain to admit of controversy, since such an amendment is not permissible against the objection of the opposite party, although it might have been joined under a separate count in the commencement of the suit.—*Mahan v. Smitherman, supra.* The new cause of action, or new claim of matter, spoken of in the cases in reference to the doctrine of relation, must therefore necessarily relate to the same transaction declared on in the original complaint. In the next place, if the new cause of action, or new claim of matter, introduced by amendment, is not within the lis pendens, then under all of the authorities the doctrine of relation will not be imputed, or

be permitted, to cut off the defense of the statute of limitations when pleaded to the amendment.

What is meant by "within the lis pendens" in the case cited? It is to be remarked that in declaring the rule, from the language employed, it is not intended what might have been, or, perhaps, what should have been, within the lis pendens, but, on the contrary, that which is intended is, what is actually within the lis pendens? And this is still further emphasized in some of the cases by the employment of the conjunctive clause, "and within the issues between the parties." See cases above cited. What are the issues between the parties? Certainly none others than those tendered by the averments in the original complaint, such only as it would be competent to introduce evidence to support. If the amendment be more than "merely and strictly remedial, curing a defective or imperfect statement of the cause of action" in the original complaint, and introduces a new claim as a basis of recovery, requiring evidence for its support, that would have been irrelevant and inadmissible to prove the cause of action laid in the original complaint, certainly it cannot be said that such claim, prior to the amendment, was "within the issue between the parties" made by the original complaint. As to what is meant by new cause of action, or new claim or matter, not within the lis pendens, "and not within the issue between the parties," and such as will not be referred to the commencement of the suit, when introduced by amendment, is still further illustrated in some of our cases, where it is said that "the statute of limitations is as available to the defendant against such new claim so introduced as if the same had been declared on in a new and original suit."—*Evans v. Richardson* and *Mohr v Lemle, supra.* And this may be said to be one of the tests in the application of the doctrine of relation back of amendments:

that is to say, if the new claim or matter sought to be introduced by amendment as a basis of recovery would be open to the defense of the statute of limitations if declared on in a new and independent suit, then relation to the commencement of the suit will not be imputed, to the prejudice of the defendant in pleading the statute to the amendment.

Coming to the case at bar, we find the original complaint declaring on a common-law liability, the negligent failure of the defendant to furnish the injured party a safe place in which to work; while the count added by way of amendment declares on a statutory liability, under subdivision 3, § 1749, of the Code of 1896. In this there was a complete shifting of the ground of liability. In the case of *Anniston, etc. R. R. Co. v. Ledbetter*, 92 Ala. 326, 9 South. 73, the action was to recover against the defendant for loss of goods, and both the original and amended complaint related to the same subject matter and sought to recover the same damages; but in the original complaint the claim was made against it as a warehouseman. There was in that a case a shifting of the ground of liability, calling for the application of different principles of law and requiring different evidence. The court ruled that the amendment was permissible, but at the same time it was subject to the defense of the statute of limitations. In principle there can be no distinction between that case and the one at bar. In the case at bar the measure of recovery is different in the original complaint and the amendment. Under the original complaint punitive damages may be assessed, while under the amendment only such damages as are compensatory. Again, under the original complaint for a negligent failure to furnish a safe place of business, would the plaintiff be permitted to introduce evidence to show that his injury was not because of an

unsafe place for business, but because of negligent orders given by some person in the employment of the master? Certainly not, and for the reason that no such issue was between the parties. Then, if the matter introduced by the amendment was not before within the issue between the partis, under all of our cases the defendant could claim the benefit of the statute of limitations. It would seem that under the cases of our own which I have cited above there should be no necessity for resort to other jurisdictions for authority on the question under consideration. My Brother ANDERSON says in his opinion that "there is some conflict in authorities, as well as considerable confusion among the profession," on this question. I may add here, if the decision by the majority, in this case be permitted to stand, without at the same time expressly overruling the cases of our own which I have cited above from *King v. Avery* down to *Freeman v. Railroad Co., Infra,* 45 South. 898 inclusive, then there will not only be confusion among the profession, but "confusion worse confounded," as the decision in the case before us is diametrically opposed to those cases.

In the recent case of *Alabama Terminal & Improvement Co. v. Hall & Farley,* 152 Ala. 262, 44 South. 592, the case of *Nelson v.First National Bank,* 139 Ala. 590, 36 South. 707, 101 Am. St. Rep. 52, is criticised; but the criticism can be regarded only as a digression of the writer in that case, since the learned Chief Justice concludes the criticism with the statement: "But, whether the reasoning in the *Nelson Case* is sound or not, it can have no possible influence in the determination of the question here presented for consideration." Moreover, it cannot be supposed that the justices composing the section of the court who sat in that case intended by anything that was said in the opinion, or by the decision

[Alabama Consolidated Coal & Iron Co. v. Heald.]

in that case, to overrule or materially modify the *Nelson Case,* since that could not be done by a "section" or "division" of the court, without overriding the express mandate of the statute dividing the court into sections (Gen. Acts 1903, p. 494, § 2), which provides as follows: "Provided, that no former adjudication of the court shall be overruled or materially modified except upon consultation of the court as a whole"—which was not done in the case referred to. Besides, Justice SIMPSON, who sat in that case, expressly disclaims any such purpose on his part and affirms his adherence to what was said in the *Nelson Case.*

In support of the conclusion reached by the majority quite a number of cases from other jurisdictions are cited, and from some of these cases quotations are made. From an examination of these cases I find that in some of them the statute of limitations was not pleaded as a defense, and hence the doctrine of relation back of amendment was not before the court for decision; the question being only as to the right of amendment. In some others, I find, according to my understanding of them, that the doctrine for which I contend is sustained. Of the first class are the following cases: *Pickett v. So. R. R. Co.,* 74 S. C. 236, 54 S. E. 377; *Harris v. Central R. R. Co.,* 78 Ga. 525, 3 S. E. 355; *Daley v. Gates,* 65 Vt. 592, 2 7South. 193; *Lassiter v. Norfolk & C. R. R.,* 136 N. C. 89, 48 S. E. 644. Among those of the second class above referred to, I may mention the first three cases cited in the opinion of the majority; *Terre Haute R. R. v. Zehner,* 166 Ind. 149, 76 N. E. 169, 3 L. R. A. (N. S.) 277; *Pratt v. Montcalm Circuit Judge,* 105 Mich. 499, 63 N. W. 507; *City of Detroit v. Hosmer,* 125 Mich. 634, 85 N. W. 2. *Pratt v. Montcalm Circuit Judge, supra,* cites approvingly the cases of *People v. Judge of Newaygo Circuit,* 27 Mich. 138, and *Nugent's*

39 R

*Case,* 93 Mich. 462, 53 N. W. 620, which two last named cases sustain the principle declared in the *Nelson Case.* The case of *I. C. R. R. Co. v. Campbell,* 58 Ill. App. 277, 278, is quoted from with approval in the opinion of my Brother ANDERSON. This case was reversed by the Supreme Court of Illinois (170 Ill. 163, 49 N. E. 314) on the very point relied on by my Brother in citing that case as an authority. The case of *Kuhns v. Wis. I. & N. Ry. Co.,* 76 Iowa, 67, 40 N. W. 93, is cited and quoted from in the opinion. This case seems to have been modified in the *Box Case,* 107 Iowa, 660, 78 N. W. 694, which is a later case. The *Box Case* is in line with our own cases, and cites approvingly *Union Pac. Ry. Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983. The *Wyler Case,* by the Supreme Court of the United States, is subsequent in time and directly opposed to the case of *Smith v. Mo. Pac. Ry. Co.,* 56 Fed. 458, 5 C. C. A. 559, cited and relied on by the majority of the court in the case at bar, and hence the *Smith Case* cannot be considered of any weight as an authority.

It is said in the majority opinion that the case of *Bolton v. Ga. Pac. R. R.,* 83 Ga. 659, 10 S. E. 352, which is cited in the *Wyler Case,* was subsequently in effect overruled by the case of *Ellison v. Ga. R. R. Co.,* 87 Ga. 691, 13 S. E. 809. In this I think the majority have fallen into error. At least the Supreme Court of Georgia seems not to have so considered it, since the *Bolton Case* is cited approvingly by that court in the still later case of *Charleston, etc., R. R. Co. v. Miller,* 113 Ga. 15, 38 S. E. 338, where the same question was under consideration. The case of *Union Pac. R. R. Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, which is cited in our case of *Nelson v. Bank, supra,* is summarily disposed of in the opinion of the majority in the case at bar, as a case that "is based on antiquated principles and a

misconception of authorities cited, as well as some which were in effect overruled by the court rendering them." The opinion then proceeds to point out the cases of *Mohr v. Lemle,* 69 Ala. 180, and *A. G. S. R. R. Co. v. Smith,* 81 Ala. 229, 1 South. 723, as being among the cases cited in the *Wyler Case,* and which do not support the opinion in that case. In this statement I think the misconception of the authorities is not with the Supreme Court of the United States in the *Wyler Case,* but with my Brothers who constitute the majority in this case. The principles are the same in those cases, with like questions under consideration. The majority do not undertake to differentiate those cases in principle from the *Wyler Case,* and I think it would be a difficult task to do so. The opinion then points out the *Bolton Case* as being one relied on in the *Wyler Case,* and as having been overruled by the court that decided it. I have already adverted to this above, as a mistake on the part of the majority. It may be that the principles declared in the *Wyler Case* are "antiquated," in the sense that they are old, and, like the common law in which we justly take pride, goeth back whereof the memory of man runneth not to the contrary; but they are for that none the less sound, and, as long as adhered to, will conserve the right and promote justice in the administration of the law by the courts.

It is stated in the opinion of the majority that the overwhelming weight of authority in cases from other jurisdictions is in support of the views of the majority in the case at bar. I do not find such to be the case from my investigation. On the contrary, I find the overwhelming weight to be opposed to the views of the majority; and in support of this statement, without unduly prolonging this opinion by citing the cases, I content myself by referring to the brief of counsel for appellant on

application for a modification of the majority opinion, where in a very exhaustive manner the cases of other jurisdictions are cited and examined. I think the judgment in this case should be reversed, not only for the reasons stated in the opinion of the majority, but also for the reasons I have stated above, and to that end and extent the majority opinion modified.

SIMPSON and McCLELLAN, JJ., concur in the dissenting opinion of DOWDELL, J.