SAMUEL S. BLISS, Respondent, *v.* ROYAL JOHNSON et al., Appellant.

73   529
120   431

The owner of land, wrongfully held out of possession, may, if he can regain possession peacefully, maintain it, and may lawfully resist an attempt by the former occupant to retake possession ; there can be no wrongful detainer by the true owner when the entry was both lawful and peaceable.

In an action for assault and battery it appeared that plaintiff had cut the grass upon the side, adjoining his land, of a highway dividing the farms of the parties. Defendants in the absence of plaintiff went into the highway and commenced raking the hay into piles preparatory to removing it, whereupon plaintiff went with his team and wagon for the purpose of carrying away the hay, and thereupon the affray occurred. Defendants alleged in their answer that one of them was owner of the land on which the grass grew, and that the alleged assault was committed in resisting an attempt on the part of plaintiff by force to prevent them from gathering the hay. Plaintiff proved that for several years prior to the occurrence he had mowed and cropped the land, and exercised such acts of ownership as were consistent with its use as a highway. It was not disputed but that if the title was as claimed by defendants they had the right of possession subject to the public use. The court rejected evidence offered by defendants showing such title, and withdrew that question from the jury. *Held,* error ; that assuming the title to be as claimed, defendants had the right to enter upon the highway and remove the hay ; that there was no proof of such a possession in plaintiff at the time of the affray as justified him in ejecting defendants or deprived the latter of the right to resist by the use of reasonable and necessary force an attempt by plaintiff to prevent them from removing the hay.

(Argued April 18, 1878 ; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a

judgment in favor of plaintiff and affirming an order denying a motion for a new trial.

This was an action for assault and·battery.

The facts appear sufficiently in the opinion.

*M. M. Waters*, for appellants. The court erred in limiting defendants' cross-examination to the question of actual physical occupation of the *locus in quo*, and to a time subsequent to the date of plaintiff's deed. (Cowen's Notes to Phil. Ev., 295, 353, 354.) The court erred in excluding evidence as to the location of the south line of Johnson's deed, the location of the premises where the affray occurred, and of the highway and the fences as to the lands in question, and as to the lands of plaintiff's deed. (4 W'kly Dig., 380, 381; 2 Salk., 641; 1 C. & P., 277; 8 L. R., 78; 1 Hawk. P. C., chap. 60, § 23; 1 Russ. on Crimes, 609; 60 N. Y., 221; 62 id., 388; 3 Kent's Com., 432, 433; 2 J. R., 357, 363; 15 id., 447, 452, 453; 12 Wend., 98; 20 id., 111, 131; 49 Barb., 175; 15 id., 590; 45 id., 262; 50 id., 32; 24 Wend., 596, 597; 1 Am. L. Reg., 511; 12 N. Y., 266.) If defendants had title to the *locus in·quo*, they had a right to enter into possession and use force, if necessary, in protecting their possession. (1 Lans., 242; *Wilde* v. *Contillion*, 1 J. Cas., 128; 4 J. R., 150; 2 Black. Com., 150; 14 N. Y., 66; 32 Vt., 82; *Turner* v. *Weymott*, 1 Bing., 84; 9 Barb., 287; 4 Mass., 416; *Jackson* v. *Farmer*, 9 Wend., 201; *Hyatt* v. *Wood*, 4 J. R., 150; *Ives* v. *Ives*, 13 id., 235; *McDougall* v. *Sletcher*, 1 id., 42; 2 Arch. Cr. Pr. & Pl. [7th Am. ed.], 337; *Wood* v. *Phillips*, 43 id., 156; 1 Salk., 246; *Smith* v. *Burtis*, 6 J. R., 218; 2 Black. Com., 5, note 4; 3 id., 175; 47 Barb., 592; *Orser* v. *Sterns*, 9 Cow., 687; 54 N. Y., 377–387, 631; 49 Barb., 175; 6 id., 608; 15 id., 590; 4 Den., 448; 8 T. R., 78; Butler's N. P., 19; 1 East P. C., 406; 4 T. R., 432; 3 id., 295; 6 Taunt., 202.)

*A. P. Smith*, for respondent. The testimony on the question of possession was properly limited to the period since

plaintiff purchased. (3 Black. Com., 179; *Fosgate* v. *Herk. Mar. Co.*, 9 Barb., 289, 295; 14 Vt., 128; 1 Hil. on Torts [4th ed.], 552, § 19, 554, § 21; 28 N. Y., 9; 2 Jones, 93.) The court properly held that the question in this action was as to which party was in actual possession, and that the question of title could not be litigated, and was immaterial in this action. (*Parsons* v. *Brown*, 15 Barb., 590; 1 Hil. on Torts, 521, 523, 528, 548, 571, § 18, 198, § 12; *Sage* v. *Harpending*, 49 Barb., 175; 6 Blackf., 375; 4 Taunt., 821; 1 Mod., 36; 12 Geo., 461; 3 Black. Com., 179; *People* v. *Carter*, 29 Barb., 208; *People* v. *Van Nostrand*, 9 Wend., 50; *Porter* v. *Cass*, 7 How., 441; 3 R. S., 507, art. 1, tit. 10, chap. 8; 3 R. S. [Banks' 5th ed.], 831; 29 Barb., 208; 9 Wend., 50; 7 How., 441; 3 Black. Com., 179; 1 Russ. on Crimes, 304, 316; *People* v. *Rickert*, 8 Cow., 226; *Millard* v. *Warren*, 17 Wend., 257; *Carter* v. *Newbold*, 7 How., 116–170.)

ANDREWS, J. The assault, which is the subject of this action, grew out of a controversy between the parties in respect to the right to certain hay, which, on the morning before the affray, had been cut by the plaintiff on the south side of the highway dividing the farms of the parties, and adjoining the plaintiff's land. The plaintiff, after mowing the grass left it to dry, and the defendants, in the afternoon, while the plaintiff was absent, went into the highway and commenced raking the hay and gathering it into piles, preparatory to removing it. The plaintiff was at work on his farm, and observing what they were doing, left his work and proceeded with his team and wagon to and partly through, the gateway leading into the highway, for the purpose of loading and carrying away the hay, and the affray then occurred. The defendants in their answer denied the commission of the assault alleged in the complaint, and among other defenses averred that the defendant, Royal Johnson, was the owner of the land upon which the hay grew, and that the hay belonged to him and his son, the other defendant, and that the alleged assault was committed in resisting

the attempt of the plaintiff by force to prevent them from gathering the hay, doing him no unnecessary injury. The evidence was conflicting as to which party committed the first assault.

The principal question arises upon a ruling of the court excluding evidence of the title of the defendant, Royal Johnson, to the soil of the highway, offered in support of the justification in the answer.

The plaintiff derived title to his farm in 1868, under a deed bounding him by the center of the highway, and he proved that for several years prior to the transaction in question he had mowed and cropped the land on the south side of the highway, and exercised such acts of ownership and dominion over it as were consistent with the use of the highway by the public. His grantor derived title in 1835, under a deed from the executors of Elisha Williams, which described the plaintiff's farm as *running to and along the highway*, which, *prima facie*, carried the title to the center. But if the testator did not own the highway, the deed would be satisfied by a title extending to the roadside. (*Dunham* v. *Williams*, 37 N. Y., 252.) The executors of Williams were also the source of title to the farm owned by the defendant Royal Johnson. Their conveyance to his grantor was of the same date as their conveyance of the plaintiff's farm, and described the premises conveyed by metes and bounds, making no reference to the highway. The judge on the trial rejected evidence offered by the defendants to locate the south line of the Johnson farm according to the deed, and for the purpose of establishing that it was coincident with the south line of the highway. The judge, in his charge, excluded from the consideration of the jury the question of title to the highway, and it must be assumed, in determining the case, that the defendant, Royal Johnson, owned the fee, and that the south line of the highway was the north boundary of the plaintiff's land. The judge rejected the evidence of title to the highway, and withdrew this question from the consideration of the jury, on the ground that the only material question was,

which party had possession of the highway at the time of the affray, and he charged the jury, in substance, that if the plaintiff was, and had been for some time prior to the affray, in peaceable possession of the highway, the defendants could not forcibly enter thereon and take the hay, although they had a perfect title to the soil on which it grew. The prior acts of the plaintiff in cultivating, cropping and mowing the highway were admitted on the trial to establish his possession at the time of the alleged assault.

It is elementary that one may justify an assault and battery in self-defense or in defense of his possession of his real or personal property. But the general rule is that a right of property merely, not joined with the possession, will not justify the owner in committing an assault and battery upon the person in possession, for the purpose of regaining possession, although the possession is wrongfully withheld. (*Pollen* v. *Brewer*, 7 C. B. [N. S.], 371; *Parsons* v. *Brown*, 15 Barb., 590; *Sampson* v. *Henry*, 11 Pick., 387.) This rule is founded upon considerations of public policy, to prevent parties from disturbing the public peace by attempts to right themselves by force instead of resorting to the remedy by action.

But we are of opinion that there was, in this case, no proof of such a possession of the highway in the plaintiff, at the time of the affray, as to justify him in ejecting the defendants, or deprived the defendants of the right to resist, by the use of reasonable and necessary force, an attempt by the plaintiff to prevent them from carrying away the hay, assuming that Royal Johnson owned the fee of the highway. It is not claimed that the plaintiff had acquired a right to the possession of the highway or to the grass growing thereon, under any contract or arrangement with the defendants; nor is it disputed that the defendants had the right of possession, subject to the public use, if the title to the soil was vested in Royal Johnson. Upon the assumption that he had the title he had a right at any time to enter upon the highway and take possession of the hay, and appropriate it to his own use;

and an action of trespass could not lie against him although the entry was by force. (*Hyatt* v. *Wood*, 4 J. R., 150; *Ives* v. *Ives*, 13 id., 235.) The defendants entered upon the land during the absence of the plaintiff, peaceably and without force, and from that time they were in actual possession, and the possession of the plaintiff was determined.

An entry by a stranger without right, during the temporary absence of the plaintiff, would not have divested his possession, and he would have been justified in removing the intruder by force. But his prior possession gave him no such right as against the defendants. The true owner of land wrongfully held out of possession may watch his opportunity, and if he can regain possession peaceably may maintain it — and lawfully resist an attempt by the former occupant to retake possession, nor will he be liable to be proceeded against under the statute of forcible entry and detainer. There can be no wrongful detainer by the true owner when the entry was both lawful and peaceable. (*Turner* v. *Meymott*, 1 Bing., 158; *Newton* v. *Harland*, 1 Man. & Gran., 644; *Mussey* v. *Scott*, 32 Vt., 82; *State* v. *Johnson*, 1 Dev. & Batt., 324; *The People* v. *Fields*, 1 Lan., 244, and cases cited.)

The right of possession of the highway was a material element of the defendants' case; and we are of opinion that the judge erred in refusing to allow an inquiry as to the title to the highway, and that for this error a new trial should be granted.

It is proper to say, that if the title of the defendant Royal Johnson should be established on a new trial, it will still be for the jury to determine whether the defendants in assaulting the plaintiff were acting in good faith, in defense of themselves or their property; and if this should be established the further question would remain, whether the violence committed by them did not exceed the just limits of defense.

The judgment should be reversed and a new trial granted.

All concur, except Church, Ch. J., not voting.

Judgment reversed.