(42 App. Div. 420.)

BRINKERHOFF v. MOONEY et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. ADVERSE POSSESSION—ACTUAL POSSESSION.
    A claim of title by adverse possession is not supported where it does not appear that the claimant, or those under whom he claims, had been in actual possession of the land, hostile to the owner, for more than 20 years.
2. SAME—INTERRUPTION BY OWNER.
    The owner of land held in adverse possession by another may take possession of the land and interrupt the adverse possession at any time, even though the adverse possessor is absent and ignorant of the entry by the owner.
3. WITNESSES—QUALIFICATION OF WITNESS.
    Under Laws 1893, c. 101, providing that, before testifying as to surveys of land, a surveyor must take oath that his chain conformed to the stand-

ard of the state, testimony by a surveyor that his chain had been recently tested, and was correct, is prima facie sufficient evidence of its conformity to the standard, and, if he is not questioned further, no objection can be taken to his qualification.

Appeal from special term, Tompkins county.

Ejectment by Helen Brinkerhoff against Ann Mooney and Patrick Mooney. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John A. Milne, for appellants.

William Austin, for respondent.

PARKER, P. J. As near as I can gather from the record, the plaintiff has record title to about 25 acres of land, known as the "Halseyville Mill Property," which she obtained through her husband's will, and through several other mesne conveyances from Nicol Halsey. The deed to her husband was given on May 5, 1875, and he and she have occupied the premises ever since, except, perhaps, the strip in question. The defendant Patrick Mooney, about 19½ years prior to the commencement of this action, went into possession, under a contract from the Tompkins County National Bank, of a parcel of land bounded on the south by the premises known as the "Halseyville Mill Property," being the 25 acres described in plaintiff's conveyance, and about one year thereafter took a conveyance from the bank of the same. The question is over a strip of land extending across the north side of such mill property; the plaintiff claiming that it is included within the boundaries of her conveyance, Mooney claiming that it is a part of the lot conveyed to him by the bank. There is no doubt but that it is a part of the 25 acres conveyed to plaintiff's husband by his deed of May 5, 1875. But it is swampy land, or, at least, a portion of it; and it seems that it has not until recently been inclosed or occupied by plaintiff, and that a portion of it, at least, has, to some extent, been cultivated by Mooney. About four years ago, in Mooney's absence, the plaintiff built a fence along the line, which is the correct line, of her lot, between her and Mooney. Mooney tore it down, and thereupon plaintiff brought ejectment to recover the disputed strip. The trial judge found for the plaintiff, and from the judgment rendered thereon defendant appeals.

The defendant claims that, although the strip is included within the bounds of plaintiff's deed, yet he has acquired the title to it by adverse possession. The evidence is so blind in its references to the land in dispute, and the whole record so made up, that it is almost impossible to understand it. I am not sure that I do understand it correctly; but, so far as I can ascertain, Mooney himself had possession of the controverted strip, only since his contract from the bank. That was less than 20 years before the action was commenced, and, whatever holding he may have had during that period, it was not long enough to ripen into a title. As to the possession which it is claimed various persons had of different portions of this strip, viz. the pasture and the little garden plots, prior to Mooney's contract, it does not

appear that they were at all adverse to the title through which plaintiff claims.    McClure and Carsaw seem to have occupied some portion of the strip as a garden for two years prior to Mooney's taking possession, and they seem to have been tenants of the bank of the premises subsequently sold to Mooney, and described in the deed to him, as bounded on the south by the mill property.    But there is no evidence that the bank ever claimed to own the part so occupied by them lying south of the plaintiff's line, or knew that they did occupy it; and the deed to Mooney assumes to convey no further south than the north line of the mill property.    Mooney can hardly start his adverse holding upon the fact of their occupancy.    But, even if he could, he has not occupied such portion of the disputed strip for 20 years continuously from the time McClure began it.    About 4 years before the suit he went to Ireland, and left the whole premises vacant, and plaintiff then took possession of and fenced in the strip.    Hence he, and the bank's two tenants before him, had not occupied adversely for 20 years before plaintiff repossessed herself of the strip and fenced him out of the same.    So, in any event, his possession has never ripened into a title.    She had the right to take possession of her own land at any time, even though he was absent.    People v. Fields, 1 Lans. 222; Bliss v. Johnson, 73 N. Y. 529.    There is some evidence that other persons cultivated these garden spots 30 or 35 years ago, but under what title or claim they did so I cannot discover. It does not appear that they occupied it under a claim adverse to plaintiff's title.    Both parties seem to trace their title to Nicol Halsey as its common source.    Hence the conveyances from him to plaintiff put the actual title in the latter as against Mooney.

The objection that the evidence of the surveyor was improperly admitted is not well taken.    He testified that his chain had lately been "tested," and was correct.    This I think is prima facie proof that it was conformable to the standard of the state.    If not satisfied with that proof, the defendants should have further inquired as to the character of such test.    I find no error, and think the judgment should be affirmed.

Judgment affirmed, with costs.    All concur.