(109 App. Div. 612)

MILLER et al. v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—AMENDMENT TO COMPLAINT—CHANGE OF CAUSE OF ACTION.

A complaint in an action under Code Civ. Proc. § 1902, for the negligent death of an employé, which alleges that the death of the employé was due to the negligence of the employer in furnishing him with a defective engine with which to work, may be amended after the expiration of a year from the time of the happening of the accident by alleging the service of the notice required by the employer's liability act, together with other matters essential to bring the case within the act; the amendment not changing the cause of action within section 723, allowing amendments in furtherance of justice which do not substantially change the claim made in the original complaint.

Appeal from Special Term.
Action by Catherine Miller, as administratrix of John F. Miller, de-

ceased, against the Erie Railroad Company. From an order granting a motion for leave to serve an amended complaint, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Henry Bacon, for appellant.

M. B. Patterson, for respondent.

WOODWARD, J. This action is one to recover damages for the death of one John F. Miller, plaintiff's intestate. The original complaint set up a common-law action for negligence, or rather an action under the provisions of section 1902 of the Code of Civil Procedure; it being alleged that plaintiff's intestate came to his death on or about the 3d day of January, 1904, by reason of the negligence of the defendant in supplying a dangerous and defective locomotive engine and tender for the plaintiff's intestate to work with, etc. Issue was joined, and the action was placed upon the calendar of the court, and was put over two or three terms by consent. Then the plaintiff made a motion to amend the complaint by inserting an allegation that the notice required by the employer's liability act had been served, together with some other matters of amplification of the previous allegations. This motion to amend, which was essential to bring the case within the provisions of the employer's liability act, was not made until after the expiration of one year from the time of the happening of the accident; and it is urged, upon this appeal from an order granting permission to serve an amended answer, that this deprives the defendant of the defense of the statutory limitation of one year, and is therefore improperly granted.

We are of opinion that the court, having gained jurisdiction of the cause of action by service of the original summons and complaint, was authorized under the provisions of section 723 of the Code of Civil Procedure to make an amendment to the complaint in this particular. Statutes in the nature of statutes of limitation are based upon the theory, not that the cause of action is extinguished, but that the party has waived the right to a remedy; and where the party has commenced his action within the time limited by the statute, but has through inadvertence failed to plead his cause of action fully, it is within the discretion of the court, "in furtherance of justice and upon such terms as it deems just," to permit an amendment of the complaint. No new cause of action is set up in the amended pleading. It is merely conforming the pleading to the requirements of the statute, and in this particular case it does not appear to be questioned that the plaintiff has in fact served the notice which she now seeks to have pleaded.

The order appealed from should be affirmed, with costs. All concur.