JACOB MARKUN, Doing Business as MARKUN BROTHERS, Appellant, *v.* JACOB WECKSTEIN and HARRY WECKSTEIN, Doing Business under the Firm Name and Style of A. WECKSTEIN & SON, Respondents.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Summary proceedings — allegations contained in petition — forcible entry and detainer — landlord and tenant — appeal — lease — Code Civ. Pro. §§ 2233, 2235.

Sections 2233 and 2235 of the Code of Civil Procedure, particularly so far as they authorize the bringing of summary proceedings in case of forcible entry and detainer, afford a separate and distinct remedy not dependent upon the relationship of landlord and tenant, are plainly remedial and should be liberally construed.

Where a petition in summary proceedings alleges in substance that the owner of the premises leased them to petitioner and the defendants jointly and for their joint use, and that petitioner entered upon and was in actual occupation and possession thereof and that defendants " wrongfully and unlawfully and by force and intimidation removed and ejected"

petitioner therefrom and have since continued to and now occupy the same, it is reversible error to dismiss the proceeding on the ground that the conventional relation of landlord and tenant does not exist between the parties.

LEHMAN, J., dissents.

APPEAL from an order and judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the defendants, dismissing the plaintiff's petition.

Paul M. Abrahams, for appellant.

Bogart, Wilkes & Bogart (Isidor Weckstein, of counsel), for respondents.

ORDWAY, J.   This is a summary proceeding for the possession of real property under sections 2233 and 2235 of the Code of Civil Procedure.   The petition alleges in substance that the owner of the premises leased them to the petitioners and the defendants jointly, and for their joint use, and that petitioner entered upon and was in actual occupation and possession thereof, and that defendants "wrongfully and unlawfully and by force and intimidation removed and ejected" petitioner therefrom and have since continued to and now occupy the same.   At the beginning of the trial and before any evidence was given, the learned court dismissed the petition and proceeding "because the conventional relation of landlord and tenant does not exist between the parties hereto." In my opinion this was error.   The petition states sufficient facts to bring the proceeding within the provisions of the Code of Civil Procedure.   Those provisions, while embraced within the title of summary proceedings, which also cover the ordinary landlord and tenant proceedings where of course the conventional relation of landlord and tenant must be shown,

Appellate Term, First Department, July, 1917.    [Vol. 100.

afford a separate and distinct remedy, not dependent upon the relationship of landlord and tenant, a remedy given by the legislature for a distinct purpose. That remedy is open to any one who is lawfully entitled to possession of real property and who is put out of it or kept out of it by force. *Town of Oyster Bay* v. *Jacob,* 109 App. Div. 612; *Lowman* v. *Sprague,* 73 Hun, 408; *Potter* v. *New York Baptist Mission Society,* 23 Misc. Rep. 671; *New York City Baptist Mission Society* v. *Potter,* 20 id. 191. See, also, *Fults* v. *Monro,* 202 N. Y. 34, 39, 43; *Becher* v. *City of New York,* 102 App. Div. 269, 271; *Pharis* v. *Gere,* 110 N. Y. 336.

Sections 2233 and 2235 of the Code, particularly so far as they authorize the bringing of summary proceedings in case of forcible entry and detainer, are plainly remedial and should be liberally construed. The mere fact that where such a proceeding is brought by one joint tenant against another the warrant of removal issued under section 2251 may be executed simply by removing the offending tenant from *exclusive* rather than entire possession of the premises does not to my mind compel us to hold that the legislature intended that this useful remedy should be inapplicable in such a case.

The respondent claims that it is necessary to show " some relation between the parties, either of estate or contract." I do not think that this is so, but, even if it were, these parties are alleged to be joint lessees of the same owner under the same lease. The appellant is entitled to have this proceeding disposed of on the merits.

Order and judgment reversed, and new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). The petitioner appeals from an order and judgment in summary proceedings dismissing his petition. It appears from the record that at the opening of the trial the defendant's attorney moved to dismiss on the ground that the petition does not set forth facts sufficient to permit the court to entertain these proceedings. The trial justice thereafter granted this motion stating in his order " I find that the petition is fatally defective; that the proceedings cannot be maintained by this petition because the conventional relation of landlord and tenant does not exist between the parties hereto, a condition precedent to the institution of summary proceedings." I agree with the appellant in his contention that the petition is not defective on the ground relied on by the learned justice below. The petitioner has evidently sought to bring these proceedings under sections 2233 and 2235 of the Code of Civil Procedure, and it appears quite plain from the language of those sections as well as from the decisions of the courts in proceedings brought thereunder that the jurisdiction of the court to grant the remedy provided by these sections is not dependent upon the existence of the relationship of landlord and tenant between the parties. The petition is, however, in my opinion, fatally defective in other particulars and shows on its face that the court has no jurisdiction to entertain any proceedings between these parties.

Section 2235 of the Code provides in part: " The applicant must present to the judge or justice, a written petition, * * * stating the facts, which, according to the provisions of this title, authorize the application by the petitioner, *and the removal of the person in possession.*" The petitioner claims that his written petition states facts which, according to the provisions of section 2233 of the Code, authorize the

application by the petitioner for the removal of the person in possession.  Section 2233 provides: "An entry shall not be made into real property, but in a case where entry is given by law; and, in such a case, only in a peaceable manner, not with strong hand, nor with multitude of people.  A person who makes a forcible entry forbidden by this section, or who, having peaceably entered upon real property, holds the possession thereof by force, and his assigns, undertenants, and legal representatives, *may be removed therefrom,* as prescribed in this title."

The petition in this case alleges that " prior to the 1st day of February, 1917, the owner of the premises 122–130 West 27th street leased to your petitioner, and the defendants herein jointly, the entire seventh loft of the said premises for their joint use, from the 1st day of February, 1917, to the 31st day of January, 1918.  That on the 1st day of February, 1917, the petitioner herein, pursuant to said lease, entered upon and was in actual possession of the demised premises and that on said day the defendants herein wrongfully, unlawfully and by force and intimidation removed and ejected petitioner from the demised premises and that defendants have continued to and now occupy the demised premises."  To authorize the court to grant the remedy provided in section 2233, the petition must allege either (a) that the defendants made a forcible entry into the property, or (b) hold the same by force.  It fails to allege such facts either expressly or impliedly.  It merely alleges that one or two joint tenants, having a right to the possession of property, wrongfully removed or ejected the other joint tenant after both parties had apparently entered peacefully into possession.  If the allegations of the petition are true they show that the defendants have unlawfully interfered with the petitioner's right to

*share* with them in the possession of the premises, but they are insufficient to permit a court by summary proceedings under this or any other section of the Code, or in any other manner, to *remove* the defendants from the premises.   As a matter of fact the petitioner seems to understand that he has no such right for he prays for a " final order awarding to the petitioner *possession in conjunction with the defendants* of the demised premises."   Summary proceedings may be instituted, however, only where the facts alleged authorize " *the removal of the person in possession.*"   In the guise of a final order in summary proceedings the petitioner is really seeking from the Municipal Court an order enjoining the defendants from interfering with his right to possession.

Judgment and order should therefore be reversed, with thirty dollars costs.