ELSIE HENNIG, Plaintiff, *v.* SOLOMON GOLDBERG et al., Copartners Doing Business as KIMBERLY ASSOCIATES et al., Defendants.

City Court of the City of New-York, Trial Term, New York County, January 18, 1947.

*Sidney Franklyn Looker* for plaintiff.

*David Berg* for defendants.

BYRNES, Ch. J. There was, in this case, no relation of landlord and tenant between plaintiff and defendants. Defendants were innkeepers, and plaintiff occupied a room in their hotel. She was, therefore, not in possession of real property, and for that reason she was not " disseized, ejected, or put out of real property " or " held and kept out " (within the meaning of Real Property Law), when defendants, in her absence changed the lock of the room which she occupied, so that upon her arrival at the hotel in the early morning of February 20, 1946, and again in the early afternoon of February 25, 1946, she was unable to gain admittance.

No case under section 535 of the Real Property Law involving innkeeper and guest has come to my attention, and that statute seems not to have been applied in the past to such relationship.

Furthermore, I find that plaintiff occupied the room — which had been assigned to one Bihovsky, who had dwelt in it for some time and had paid the February, 1946, rent in advance and in full — without permission from defendant Margolin or anyone representing the hotel, that she had not registered as a guest and that the permission to use the room which she had obtained from the guest Bihovsky gave her no lawful right to the room and did not even put her in possession inasmuch as Bihovsky's rights as a guest were not assignable or transferable.

So that plaintiff was not even a guest of defendants and in no sense did she have possession of any real property. One who is not in possession of real property is not " put out " or " kept out ". Obviously section 535 of the Real Property Law was never intended to make it necessary for an innkeeper to resort to court proceedings (even to squatter proceedings) to remove from his inn, or from a room in his inn, one who came in without his permission, express or implied. This is simply a case in which defendants found plaintiff in a room in which she did not belong and changed the lock so that she could not again gain access to that room. In so doing defendants were within their strict legal right, although I think it probable that they acted as they did because they wished to rent the room to someone who would pay a daily rather than a monthly rate. I do not wish it to be understood that anything I have said is a recommendation of defendants as I have no wish to express any approval of their conduct, but they acted lawfully and are not answerable in damages to plaintiff.

Judgment may be entered in favor of defendants dismissing the complaint. Execution is stayed for ten days after service upon the attorney for plaintiff of notice of entry of judgment.