*570 OPINION OF THE COURT
Mark H. Spires, J.
Petitioners move for a judgment awarding possession of penthouse B at 250 East 73rd Street pursuant to RPAPL 713 (10) and for treble damages pursuant to RPAPL 853. Respondent cross-moves for a judgment dismissing this action.
Petitioners’ verified petition alleges the following facts. Petitioner Schwartz, the proposed subtenant of the prime tenant petitioner Runquist, was denied subtenancy by the respondents by letter dated December 12, 1989. On January 6, 1990 petitioner Runquist departed for Sweden where he was temporarily relocated. By that date petitioner Schwartz had moved her belongings into the premises. On the morning of January 8, 1990 respondents’ attorney telephoned petitioner Schwartz who informed respondents’ attorney that notwithstanding the denial of the sublet request she intended to occupy the apartment. Respondents’ attorney replied that it would be “very unpleasant” if she tried to obtain access to the apartment. That afternoon petitioner Schwartz, accompanied by some friends, went to the building. The friends waited in the lobby, while petitioner entered the apartment to pick up a letter left by petitioner Runquist authorizing her to use the apartment. She then returned to the lobby to say good-bye to her friends. When she attempted to return to the apartment she was physically barred from entering the elevator and going to the apartment.
Respondents allege petitioner Runquist, the prime tenant, has never been denied access to or possession of the apartment and petitioner Schwartz is an improper party to the relief sought as she was never in possession of the premises.
Whether respondents’ refusal of the sublet request under Real Property Law § 226-b was reasonable or not is not before the court. Also as it has not been shown that petitioner Runquist has in any way been prevented from obtaining access to or possession of the apartment, the court will solely concern itself with petitioner Schwartz. Thus the issue for determination is whether under the facts presentéd petitioner Schwartz may avail herself of RPAPL 713 (10) and 853.
In order for RPAPL 713 (10) to apply it must be shown petitioner Schwartz was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer. *571 From the facts as delineated in petitioners’ motion papers it appears petitioner Schwartz was not in actual possession of the apartment. The conversations between petitioner Schwartz and respondents’ attorney on the morning of January 8, 1990 indicate she intended to occupy the premises, indicating as of that time she had yet to take actual possession of the premises. However, notwithstanding whether she was in actual possession, it is clear she was not peaceably in possession of the apartment. As noted by the court in Fish v Simpson (124 Misc 2d 496, 504), "By stating that a party must be in peaceful possession, the Legislature clearly intended that more than mere possession was necessary.” Just as hostility as an element of adverse possession does not import malevolence or ill-will nor belligerence or acts of hostility (2 NY Jur 2d, Adverse Possession, § 11), possession is not deemed peaceful merely if the entry was not effected by force, violence or break-in. Rather, possession to be peaceable must have been uncontested at the time of entry. It is also implied for RPAPL 853 to apply that a party must be in peaceable possession. (Fish v Simpson, supra.) Here petitioner Schwartz’s attempt at possession was contested and anything but peaceful as evidenced by the denial of the sublet request, the telephone conversation of January 8, 1990 and the subsequent events which transpired on that day.
Neither can it be said petitioner Schwartz was in constructive possession of the premises. Constructive possession has been defined as where the petitioner had the title in fee, or an absolute right of possession by some other grant, and who would therefore be entitled to actual possession, but for the . forcible holding out of it. (2 Rasch, New York Landlord & Tenant — Summary Proceedings § 36:10 [3d ed]; Lowman v Sprague, 73 Hun 408.) Here petitioner Schwartz had no title in fee or absolute right to possession. The unconsented-to sublease was not a valid grant by which to claim possession. Until such time as a court determines the withholding of consent to the sublet was unreasonable, as only a court may determine and not the parties, the sublease does not confer any right of occupancy upon petitioner Schwartz. Thus petitioner Schwartz not having been peaceably in actual possession or constructive possession of the premises cannot obtain any relief under RPAPL 713 (10) or 853. Petitioner Schwartz’s remedy, if she be so advised, is to commence a declaratory judgment action in Supreme Court on the reasonableness of denial of consent to the sublet. (See, Conrad v Third Sutton *572 Realty Co., 81 AD2d 50; Miller v Bleecker Charles Co., 120 Misc 2d 481.)
Accordingly, petitioners’ motion is denied in its entirety. Respondents’ cross motion for dismissal of the verified petition is granted. Petitioner Schwartz is to be granted access at a mutually agreed time and date between the parties for removal of her possessions.