OPINION OF THE COURT
Diana Johnson, J.
Petitioner moves by order to show cause pursuant to RPAPL 713 (10) to be restored to possession after being ejected by respondent’s agents. After a hearing the court finds as follows: Petitioner Almonte was put into possession of the subject premises by the alleged prior occupant of the apartment, a Ms. Medina, in July 1992. Petitioner was ousted before the end of July 1992. Petitioner’s niece testified as to a second ejection which she claimed occurred in September in her presence. However, petitioner who suffers from emotional instability and anxiety gave contradictory testimony concerning her occupancy after the first ouster in July and the alleged second ouster in September. Hence the court will only concern itself with the July ouster.
In order to determine whether petitioner is entitled to be restored in light of the recent decision in P & A Bros, v City of N. Y. Dept. of Parks & Recreation (184 AD2d 267 [1st Dept 1992]) it becomes necessary to analyze the guiding principles concerning self-help evictions and how they have developed over time.
The operative statute utilized for restoration to possession in summary proceedings is RPAPL 713 (10). This section in pertinent part provides: "The person in possession has entered the property or remains in possession by force or unlawful means and he or his predecessor in interest was not in quiet possession for three years before the time of the forcible or *292 unlawful entry or detainer and the petitioner was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer”.
RPAPL 713 (10) can be utilized not only by tenants but by anyone who is entitled to be restored to possession (see, Markun v Weckstein, 100 Misc 668 [App Term, 1st Dept 1917]). In fact RPAPL 713 is itself entitled "Grounds where no landlord-tenant relationship exists”. The key factor in determining whether a person is entitled to be restored is whether the person was "peaceably in actual possession”. Thus it is essential this phrase be defined.
One of the leading cases regarding the use of self-help is Bliss v Johnson (73 NY 529 [1878]). From that case the following four guiding principles are derived:
(1) A person can justify the use of assault and battery in defense of one’s possession of real or personal property.
(2) If the owner is not in possession it does not justify him in committing an assault and battery upon the person in possession, for the purpose of regaining possession, although the possession is wrongfully withheld.
(3) An entry by a stranger without right, during the temporary absence of the person in possession, does not divest his possession and the person in possession may remove the intruder by force.
(4) If the true owner, who is wrongfully held out of possession, can regain his possession peaceably and without force, such as during the absence of the person in possession he can maintain it and lawfully resist an attempt by the former occupant to retake possession and will not be liable under the statute of forcible entry and detainer.*
In Bliss (supra), the Court of Appeals found the person in possession, the plaintiff, would have had the right to oust a stranger without right, but not the true owner. The Court further found the plaintiff could not be removed from possession by force as he was not a stranger without right. Integral then to the determination of the validity of the use of self-help is to distinguish between when one is a "stranger without right” and when one is a "person in possession”. Clearly "person in possession” cannot only mean having possession in *293 its literal sense, as even a "stranger without right” is in physical possession. Thus the phrase must connote more than just physical possession.
Bliss (supra) concerned a controversy with respect to the right over certain hay which had been cut by plaintiff on the south side (on the defendant’s property) of the highway dividing the farms of the parties. What made plaintiff a "person in possession” rather than a "stranger without right” was that for several years prior to the incident in question plaintiff had mowed and cropped the land on the south side of the highway and had exercised acts of ownership and dominion over it.
This idea of "possession” being acts of control and dominion was carried forward in a later forcible entry and detainer case (Town of Oyster Bay v Jacob, 109 App Div 613 [2d Dept 1905]). In defining what actual possession meant the Court stated (supra, at 615), "[a]ctual possession means 'a subjection to the will and dominion of the claimant.’ It 'exists when a thing is in one’s immediate occupancy,’ * * * 'Generally, any overt acts indicating dominion and a purpose to occupy and not to abandon the premises will satisfy the requirements as to possession.’ ” (Citations omitted.) Thus for a person to be deemed in actual possession and not be considered an interloper or stranger without right he must exercise acts of dominion and control and demonstrate a purpose to occupy and not to abandon the property.
What of the requirement to be "peaceably” in actual possession? For the possession to be peaceable it must be uncontested at the time of entry into possession. (Runquist v Koeppel, 146 Misc 2d 569 [1990].) The possession must be accomplished without actual physical resistance or opposition of any person. (Cain v Flood, 21 NY Civ Pro Rep 116, 38 NY St Rep 196 [1891], affd on opn below 138 NY 639 [1893].)
Such an approach is consistent with Fish v Simpson (124 Misc 2d 496 [1984]), a case cited by respondent in support of its case. In that case the court held the plaintiff was not in peaceful possession of the premises. It was not so much that his entry into possession had been accomplished by physical resistance or opposition, but rather that plaintiff did not have "possession” as defined above. Indeed the court noted (supra, at 504), "[b]y stating that a party must be in peaceful possession, the Legislature clearly intended that more than mere possession was necessary. ” (Emphasis added.) In support of the respondent’s right to use self-help the court cited Hennig v *294 Goldberg (188 Misc 609) which held that one who is not in possession of real property is not "put out” or "kept out”. Thus it is clear that although the petitioner in Fish (supra) had physical possession he was not a "person in possession”. Rather the petitioner was a "stranger without right” (falling under principle number 3 of Bliss, supra), hence the real occupant was entitled to use self-help. So in order to maintain a proceeding under RPAPL 713 (10) one must satisfy both elements, that of actual possession and that it be peaceable.
The next thing to be considered is, assuming one is "peaceably in actual possession” how long must one be in such state to be entitled to invoke RPAPL 713 (10). In the case of Cain v Flood (supra), the petitioner claiming a right of possession procured access to certain apartments which were in the possession and occupation of the defendant at the time, but from which she was temporarily absent. Petitioner took possession of the apartments without the knowledge and consent of the defendant and remained in peaceable and actual possession for three quarters of an hour. This the court held was sufficient to entitle petitioner to maintain her possession as against a person seeking to wrest it from her by force or violence. The court noted no time was prescribed by law for which the peaceable and actual possession must have endured to protect the petitioner against the forcible entry. If defendant felt aggrieved at the petitioner’s entry, summary proceedings should have been instituted to recover possession. Although decided under section 2245 of the Code of Civil Procedure (a forerunner to RPAPL 713 [10]), RPAPL 713 (10) also makes no provision for a duration of time a person need be peaceably in actual possession.
This was the state of the law prior to P & A Bros, v City of N. Y. Dept. of Parks & Recreation (184 AD2d 267 [1st Dept 1992], supra). The facts of P & A Bros, are as follows: Plaintiff was the operator of a newsstand pursuant to a permit issued by the defendant, New York City Parks Department. After the permit expired, competitive bidding was held and the permit was awarded to someone else. Plaintiff then brought an action in Supreme Court to compel the Parks Department to accept its bid and allow it to continue operations, or alternatively to enjoin its removal without legal process. Supreme Court found although petitioner was a mere licensee with an expired permit, the defendant was nonetheless required to invoke formal legal proceedings to eject plaintiff from the newsstand. *295 The Appellate Division found the court below had erred in holding plaintiff could only be removed by legal process.
Although the opinion at first blush appears to encompass all licensee and squatter situations, closer analysis shows P & A Bros, is limited to its particular unique fact pattern. The Court writes (supra, at 268), "[t]hus, RPAPL 713 merely permits a special proceeding as an additional means of effectuating the removal of nontenants, but it does not replace an owner’s common-law right to oust an interloper without legal process (see, Bliss v Johnson, 73 NY 529).” This is merely a reiteration of principle number 3 of Bliss (supra), which was addressed earlier in this opinion. Thus what the Appellate Division is holding is that a vendor operating a newsstand pursuant to a Parks Department permit is no better than a "stranger without right”, who can be removed via self-help. Indeed the Court specifically stated (supra, at 269), "[t]he Department’s permits are issued under whatever conditions are deemed appropriate by the Parks Commissioner and are 'terminable at will by the Commissioner upon notice to the permittee’ ”. (Emphasis added.) Further evidence the Appellate Division was only speaking to the unique situation before it when it spoke of nontenants being removed summarily as long as it is done without violence and not all nontenants in general, is that such a determination would fly in the face of the 1981 amendment to RPAPL 713 (10). The reason for the amendment was specifically to bring within the statute’s purview ousters which were accomplished in an unlawful manner, such as changing the lock, or removing the person’s possessions while he or she is out, in addition to ousters accomplished by force or violence.
Thus it is clear, contrary to respondent’s assertions, the Appellate Division was not sanctioning the use of self-help in all nontenant scenarios. The focus was much narrower. As the Court itself stated in describing the particular relationship of the parties before it, "As a licensee involved in an arms-length commercial relationship with the Parks Department, plaintiff is subject to ouster by the City without legal process” (184 AD2d, at 269 [emphasis added]). P & A Bros, is simply a limited holding that the licensee in that particular fact situation is a "stranger without right” and not a "person in possession”. It did not as respondent alleges constitute a change in the law regarding the use of self-help.
Respondent also cites Napier v Spielmann (127 App Div 567 [1908], affd 196 NY 575 [1909]), which was cited in P & A *296 Bros, (supra) for the proposition that a servant or licensee acquires no possessory interest. Hence respondent argues that based on Napier, tenancy rights are a condition precedent to bringing a forcible entry and detainer proceeding. It has already been addressed earlier in this opinion that one need not be a tenant to utilize RPAPL 713 (10). As for the proposition that a licensee acquires no possessory interest that is not the issue. An order of restoration pursuant to RPAPL 713 (10) is not a finding of paramount title or right to continued possession, but rather simply a finding that the petitioner must be restored as his possession could not simply be wrested from him. (See, Town of Oyster Bay v Jacob, supra.)
Napier (supra) involved a commercial letting of an annex to a business establishment. One day the defendant, in the temporary absence of plaintiff, entered the annex and refused to permit the plaintiffs to reenter. The Court determined that the plaintiffs were the mere licensees of the defendant and could not maintain an action for forcible entry and detainer. The result in the case was simply an application of principle number 4 of Bliss v Johnson (supra), as it then existed. To wit, the true owner, the defendant, having regained possession during the temporary absence of the person in possession was entitled to maintain it and would not be liable under the statute of forcible entry or detainer.
At this juncture we can now address the case before this court. Petitioner Almonte moved into the premises intending it to be her home. She exercised acts of dominion and control over the premises. She exhibited a purpose to occupy and not abandon the premises. Thus it is clear she was not a "stranger without right”, but rather a "person in possession” and satisfied the requirements of actual possession. Further her entry was uncontested and accomplished without the physical resistance or opposition of any person. Indeed she was placed in occupancy by the alleged former occupant. Hence the court finds petitioner Almonte was peaceably in actual possession at the time of the ouster in July 1992.
Petitioner’s counsel seeks to prove his client’s occupancy was beyond 30 days in an attempt to invoke section 26-521 of the New York City Administrative Code. Section 26-521 provides in pertinent part, "[i]t shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer”. However, this section does not grant the ousted occupant the right to be restored, nor is restoration one *297 of its remedies. The law merely provides in section 26-523 that the violator would be guilty of a class A misdemeanor and be subject to civil penalties. In addition the action or proceeding must be brought by the Corporation Counsel, and not the ousted occupant. Thus this statute is of no help to petitioner. However whether petitioner was in possession beyond 30 days or only a few weeks in July is irrelevant for restoration pursuant to RPAPL 713 (10). As stated earlier the sole requirement is to show peaceable and actual possession, which the court finds existed in this case. Hence petitioner may maintain this proceeding under RPAPL 713 (10).
The court will now consider respondent’s remaining arguments. Respondent alleges the petition is jurisdictionally defective pursuant to MSG Pomp Corp. v Doe (185 AD2d 798 [1st Dept 1992]) as respondent claims petitioner misstated her interest in the premises by claiming to be the tenant. The petition in this case contains in pertinent part the following preprinted type: "The petitioner _, is the lawful occupant and the_of the above indicated apartment, and has resided there since__” Petitioner inserted "Maxima Almonte”, "Tenant” and "July 1992” into the appropriate spaces. When petitioner inserted the word "Tenant” she was using the word as a layperson understands the word to mean (i.e., the person residing at the premises) and not the legal definition of same. In any event as stated earlier whether one is a tenant or not is irrelevant for purposes of bringing a proceeding under RPAPL 713 (10). It is whether one was "peaceably in actual possession” which determines whether one is entitled to restoration. Hence the insertion of the word "Tenant” did not compromise respondent’s ability to meet petitioner’s legal claims or interpose whatever defenses it had available and does not render the petition defective. This is in marked contrast with the facts in MSG Pomp Corp. (supra) where the petition alleged the premises was owned by the City of New York and was not subject to any statutory controls, when in fact the premises was owned by a private entity and subject to statutory control.
Respondent’s fail-back argument is that even if petitioner is entitled to be restored to possession, she should not be restored as she would only be subsequently subject to eviction by court proceeding, citing Wagman v Smith (161 AD2d 704 [2d Dept 1990]). Such a rationale should not allow the legitimation of, for lack of a better description, a "shoot first and *298 ask questions later” approach. How does one know a person has no right of possession unless there first is a judicial determination of same. In the case of an apartment subject to rent stabilization or rent control the person in possession may have succession rights to the apartment. Allowing an ouster without a prior hearing leaves the respondent in the position of being the judge of the facts and the law as applied to the person in possession. To say that the respondent may later prevail at a hearing on the ouster is not a substitute for a prior hearing. One’s right to be heard first should not be dependent on the other party’s belief in the correctness of his actions. The individuals ousted, which often include young children, should not be made to suffer the indignity, humiliation and associated suffering involved in an ouster, on a gamble of respondent’s assessment of their right to possession. That the ousted person has a right to sue for damages if wrongfully ousted is not a sufficient balm to remedy such a wrong.
Lastly respondent argues petitioner, having failed to comply with Administrative Code of the City of New York § 7-201, the proceeding should be dismissed. This section requires in a proceeding against the City of New York the moving papers contain an allegation that a 30-day demand upon which the action is founded was presented to the Comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment. The purpose of this statute is to be sure the Comptroller has been given an opportunity to settle the claim prior to the commencement of a proceeding. Petitioner here is seeking an order of restoration and not monetary damages. This section is obviously on its face inapplicable to the proceeding before the court.
Accordingly, the court having found petitioner is entitled to maintain this proceeding under RPAPL 713 (10); and further having found petitioner was unlawfully ousted from the premises 721 Van Siclen Avenue, Apartment 11B, Brooklyn, New York, the court orders that petitioner Almonte be restored forthwith to possession and grants her a judgment of possession, no stay.

 This rule was statutorily changed in 1981 by amendment to RPAPL 713 (10) to include within its purview "unlawful” ousters or detainers to allow recovery of possession in cases not involving a forcible ouster or detainer.