■ THOMAS J. KEOGH et al., Respondents, v NEIL CONNOLLY et al., Appellants, et al., Defendants. [602 NYS2d 607] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about April 29, 1993, which, *inter alia,* after an evidentiary hearing, granted plaintiffs' motion for a preliminary injunction directing the plaintiffs' immediate reinstatement as the Board of Directors for the Grand Street Corporations; that the defendants, their agents, employees, representatives and anyone acting on their behalf return possession *and control* to the plaintiffs of the three Grand Street Housing Projects and the assets of the Grand Street Corporations, including, but not limited to, all current Department of Hous-

ing and Urban Development ("HUD") certifications, documentation and agreements, all financial statements, 600 confidential tenant files, all furniture, typewriters, copy machines, bank balances and all records pertaining to the Grand Street Corporations removed by the defendants or their agents from the Grand Street management offices on December 10, 1991, and directing that neither the defendants nor their agents may remove any further contents from the 460 Grand Street management offices or from anywhere else at the Grand Street Housing Projects, unanimously affirmed, with costs.

The underlying action for a declaratory judgment and injunctive relief arises from an internal dispute between two Boards of Directors, the plaintiffs and the defendants herein, each claiming authority to operate and control the Grand Street Corporations, which manages a 600 unit housing project on the lower East Side of Manhattan, the Grand Street Housing Projects, for low and moderate income families, which is subsidized through funds distributed through the Department of Housing and Urban Development.

The record and a videotape, submitted as an exhibit on appeal by order of this Court, reveal that on December 10, 1991, at approximately 4 A.M. in the morning, the defendants, accompanied by a group of unauthorized individuals, without benefit of court order, and without prior written or oral decision by any court that the defendants had any legal authority to act as they did, summarily removed the plaintiffs, after more than 22 years, as the duly constituted Board of Directors of the Grand Street Housing Projects and the Grand Street Corporations, declared themselves the "new" Board of Directors, had additional defendant Excelsior Management Corp. take control of the projects as the managing agent on behalf of the defendants from San James Realty Corp., which had acted as the managing agent for more than 15 years, and forcibly entered into plaintiffs' management offices, located at 460 Grand Street, New York, by removing the door from its hinges, and then proceeded to load more than 600 confidential files, HUD certifications, $7,000 in tenant checks and money orders, and $100 in petty cash as well as other private property belonging to the Corporations, including furniture, copy machines and typewriters, into the back of a waiting truck parked outside the building.

We find that the IAS Court properly exercised its discretion since the plaintiffs, at the evidentiary hearing, clearly established their entitlement to preliminary injunctive relief by

showing a likelihood of success on the merits, irreparable injury should the injunctive relief not be granted, and a balancing of the equities in the plaintiffs' favor *(Grant Co. v Srogi,* 52 NY2d 496, 517). We note that the IAS Court's finding that the defendants' takeover was neither lawful nor peaceful was clearly supported by the testimony adduced at the hearing as well as the videotape of the incident *(see, Bliss v Johnson,* 73 NY 529, 534).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.