*275 OPINION OF THE COURT
Carol H. Arber, J.
The issue presented for decision by this court is whether the City of New York may, as it claims, employ self-help in the form of force to evict people from a City-owned building. Plaintiffs are a group of families who have resided continuously at 508 West 168th Street, New York, New York, for a period of time varying between four and nine months. The building in question is owned by the City and had remained vacant and unoccupied for a period of time before plaintiffs moved into the building. Plaintiffs, through their own labor, made a home for their four families in the buildings.
The four families who were removed from the building instituted this action for a preliminary injunction to restore them to possession and for other relief pending the outcome of this action. The plaintiffs also sought a temporary restraining order directing the defendants to restore the families to possession and to return all the property seized by the defendants during the eviction of the plaintiffs.
After considering the papers submitted and hearing oral argument by both parties, this court granted the plaintiffs’ motion for a temporary restraining order by order dated May 3, 1994. The defendants have filed a notice of appeal of that order, and have invoked the automatic stay provision of CPLR 5519 (a) (1). On May 6, 1994, the Honorable Israel Rubin of the Appellate Division reserved decision on plaintiff’s request for an order vacating the automatic stay pending the determination by this court of the application for a preliminary injunction.
Plaintiffs acknowledge that they are squatters (although they use the word "homesteader” to describe themselves, they acknowledge that the word has no legal significance). Defendant, Commissioner of Housing Preservation and Development, asserts that plaintiffs have no legal interest in the building; and that this action is improperly in this court and should be asserted in Civil Court.*
In order to be entitled to a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if the provisional relief is not granted, and (3) that a balancing of the equities demonstrates *276 that the moving party is entitled to injunctive relief. (Preston Corp. v Fabrication Enters., 68 NY2d 397 [1986].)
Since plaintiffs had lived in the buildings for over 30 days, they argue that they were entitled based on RPAPL 713 (10) to legal process before they can be made to leave.
RPAPL 713, which governs here and is entitled "Grounds where no landlord-tenant relationship exists”, provides that a special proceeding be maintained following service of a notice to quit. RPAPL 713 (10) provides as follows: "The person in possession has entered the property or remains in possession by force * * * and he or his predecessor in interest was not in quiet possession for three years before the time of the forcible or unlawful entry or detainer and the petitioner was peaceably in actual possession at the time of the forcible * * * entry or in constructive possession at the time of the forcible * * * detainer” (emphasis added).
The courts have held that the primary purpose of this section is to prevent landlords from taking the law into their own hands and evicting tenants by violence. (Board of Higher Educ. v Marcus, 63 Misc 2d 268; Matter of Tri-State Refreshments v Nitke, 41 Misc 2d 386.)
Self-help is not a new concept in the law of this State. The issue was considered by the Court of Appeals in 1878 in Bliss v Johnson (73 NY 529) and the Court firmly and clearly rejected use of force by an owner for the purpose of regaining possession even where it was wrongfully withheld. In its analysis, the Court considered and compared the rights of the person in possession with those of the owner and those of a stranger without right. While that case involved the right to possess a field of hay as opposed to the right to possess a place to live, what is key is that the Court found that "possession” involved acts of dominion and control. Subsequent Court determinations found that dominion and control involved establishing the purpose to occupy property as opposed to abandoning it. (Town of Oyster Bay v Jacob, 109 App Div 613 [2d Dept 1905].)
The plaintiffs’ affidavits in support of the relief sought indicate that they began work on the premises in October 1993, and moved in late in November. One of the plaintiffs moved in during December 1993 and another during August 1993. While defendants assert that entry into the buildings was without permission, it is undisputed that it was without resistance or opposition. (Runquist v Koeppel, 146 Misc 2d 569 [1990].)
*277 However, according to defendants, plaintiffs should be viewed pursuant to RPAPL 713 (3) as persons who have "intruded into or squatted upon the property without the permission of the person entitled to possession and * * * occupancy.”
Defendants argue that while RPAPL 713 (3) creates a cause of action enforceable in court, it was not intended and therefore did not replace the common-law remedy of self-help. In support of this proposition, defendants rely on two cases, Morillo v City of New York (178 AD2d 7 [1st Dept 1992]) and P & A Bros. v City of New York Dept. of Parks & Recreation (184 AD2d 267 [1st Dept 1992]).
In Morillo v City of New York (supra), the Court was confronted with an issue as to the procedure to remove occupants of an in rem apartment building from the building. The Court pronounced its agreement with the proposition that squatters have "no property interest in real property being occupied or in continual occupancy” (supra, at 13).
In P & A Bros. v City of New York Dept. of Parks & Recreation (184 AD2d 267 [1st Dept 1992], supra), the Appellate Division dismissed a cause of action against the City of New York for its use of self-help brought by a licensee of a newsstand whose license had expired. While the trial court deplored the use of self-help, the Appellate Division found that licensees and squatters, covered by RPAPL 713, are not entitled to protection from the use of self-help: "Thus RPAPL 713 merely permits a special proceeding as an additional means of effectuating the removal of nontenants, but it does not replace an owner’s common-law right to oust an interloper without legal process” (at 268).
While defendants rely on P & A Bros. (supra) as the basis for their claim that the courts support self-help, the situation in the case before this court differs substantially from the facts presented there. Most striking is the fact that P & A (supra) involved a licensee to a newsstand while the case before this court involves the living accommodations for a number of families.
In addressing this issue this court must begin by expressing concern for what appears to be the increasing use by the City of New York of force in place of its statutory remedies. Such concern has a long history in the law of this State. In Fults v Munro (202 NY 34 [1911]) the Court of Appeals found that statutes had been passed with a primary purpose of "prevent *278 ing landlords from taking the law into their own hands and ejecting tenants by violence” (at 41).
In recent cases, faced with a growing number of instances of self-help through force by the City of New York, a number of courts have written decisions not only explicitly decrying such use of force, but also expressing concerns about the City’s choice of force as a means of redress in an era of increasingly violent conduct on the part of far too many segments of the population. (See, Hawkins v City of New York, NYLJ, Oct. 20, 1993, at 23, col 3 [Civ Ct, Bronx County]; Almonte v City of New York, 158 Misc 2d 290.)
Prior to the enactment of RPAPL 713, the common law permitted the use of self-help only if it was peaceful (see, Bliss v Johnson, 73 NY 529 [1878]). In Almonte and in Hawkins (supra) the courts considered whether the plaintiffs were properly proceeding under RPAPL 713 (10) as to (1) persons in actual possession and (2) whether they were peaceably so. The Legislature, in passing RPAPL 713, sought to protect citizens from violent acts by landlords in efforts to regain possession of premises.
In this case, the plaintiffs’ affidavits indicate that they entered the premises peacefully and worked on improving them. They acknowledge that they are people who were otherwise homeless but they did not either enter or remain by force. At the time of entry, defendants were not present and did not attempt to deter possession. By the time the City used force to eject plaintiffs, they had resided in the premises for a period of months and in a peaceable manner. These facts place plaintiffs squarely within RPAPL 713 (10).
As the court in Hawkins (supra, at 23, col 4) observed: "This Court is convinced that the purpose of RPAPL 713 (10) is not so much geared toward the conferring of rights to property as it is designed to preserve the public and private peace and to quell force or violence.”
While it may be true that the plaintiffs in this case have not acquired a "possessory” interest by the terms of the Real Property Law, it is nonetheless true that possession must be restored unless and until the defendants satisfy the requirements of RPAPL 713.
It is worth noting that whether the matter can be categorized pursuant to RPAPL 713 (3) or RPAPL 713 (10) it is nevertheless clear that under either circumstance, RPAPL 713 requires that a special proceeding be maintained following *279 service of notice to quit. It is acknowledged by defendants here that no notice to quit was ever served.
It is also true that if the City is permitted to successfully engage in the conduct employed in this case, it will continue to disregard the statutory remedies and requirements of the RPAPL. Moreover, it is difficult to comprehend how the City can argue that it is the only landlord entitled to self-help. If the City can succeed in its argument that the requirements of RPAPL 713 are optional, then a long line of landlords can be expected to follow suit by taking matters into their own hands.
Furthermore, to prevail in an action for unlawful entry and detainer a plaintiff is not required to prove superior title to the premises. (Markun v Weckstein, 100 Misc 668, 669-670 [App Term, 1st Dept 1917].) The "right to possession” (Iron Mtn. & Helena R. R. v Johnson, 119 US 608, 611 [1887]) is to be adjudicated in a judicial proceeding, and a claim of superior title is no defense to an unlawful entry and detainer action. In Town of Oyster Bay v Jacob (supra) the Court specifically held that "[t]hough the defendant could show a better title of a superior right of possession, it would not avail him in this proceeding, for he could not first take the law into his own hands to gain possession, and then invoke the law to keep it” (109 App Div 613, 615 [2d Dept 1905]).
Defendants’ assertion that plaintiffs are criminal trespassers ignores the consistent judicial construction of forcible entry and detainer statutes as prohibiting the defendant from raising superior title as a defense. In Cain v Flood (14 NYS 776) which was affirmed by the Court of Appeals (138 NY 639) the court found that the manner in which the plaintiff secured possession in the beginning is not available to the defendant as a justification of his unlawful act.
Accordingly, this court finds that plaintiffs have established that there is a strong likelihood that they will succeed on the merits of this action.
A party seeking a preliminary injunction must also establish that it will be irreparably harmed unless interim relief is granted to maintain the status quo. (Grant Co. v Srogi, 52 NY2d 496 [1981].)
The grave and irreparable injury that results when someone is evicted is undeniable. Eviction from one’s home is "one of the harshest decrees known to the law”. (Braschi v Stahl Assocs. Co., 74 NY2d 201, 215 [1989].) In fact, because of the *280 irreversible harm to a family that becomes homeless, courts have consistently recognized that the mere threat of eviction constitutes irreparable harm for purposes of injunctive relief. (McNeill v New York City Hous. Auth., 719 F Supp 233, 254 [SD NY 1989]; Williams v Barry, 490 F Supp 941 [D DC 1980], mod on other grounds 708 F2d 789 [DC Cir 1983].)
In the instant case the plaintiffs were forcibly ousted from their homes without resort to judicial process. Given that the case law clearly establishes that the threat of legal eviction constitutes irreparable harm, that the plaintiffs have been evicted without process and in violation of RPAPL 713 (10) this court is compelled to conclude that plaintiffs will suffer irreparable injury unless a preliminary injunction issues.
Finally, it is necessary to observe that a balance of equities tips decidedly in favor of the plaintiffs. No harm can lie in requiring the municipal defendants to follow the mandates of the RPAPL and to resort to legal judicial process in order to adjudicate the rights between these parties, while the harm to plaintiffs is apparent.
Based on the foregoing, defendants shall restore the plaintiffs to possession of the premises located at 508 West 168th Street forthwith. Defendants shall also return to the plaintiffs all property seized from the plaintiffs forthwith.

 In addition, defendants assert that they have made numerous offers to assist plaintiffs in relocating, and indicate that plaintiffs are exploring the offer of accommodations.